No. 747

**First Circuit**

⸻

° EDWARDS v. WALKER

⸻

(March 3, 1931.  Opinion and Decree.)

⸻

Hypolite Mixon, of Amite, attorney for plaintiff, appellee.

Amos L. Ponder, of Amite, attorney for defendant, appellant.

LeBLANC, J. On January 31, 1885, Nicholas S. Edwards made a partition of property which belonged to the community between himself and his deceased wife, among his eight children in such way as to allot to each one of them a tract of land approximately eighty-six acres in area. Each took possession of his or her respective tract under the deed.

Among the eight children was Millard F. Edwards, the eldest, now deceased, and Walter Edwards, who received adjoining tracts. The plaintiff herein, Daniel Edwards, Jr., became and is now the owner of the Walter Edwards tract and the defendant, Samuel E. Walker, presently owns the Millard Edwards tract.

After setting up his title, plaintiff alleges in his petition that the defendant has taken possession of about four acres of his land, without any title thereto, and refuses to deliver possession thereof. The prayer of his petition is to be recognized as owner, and as such, to be entitled to the possession of his property.

The defendant, in his answer, admits the acquisition of the properties in the manner set out in plaintiff's petition, and avers that he is in possession of the property that rightly belongs to his title according to his deed. He seems to rely on a line which marks the eastern boundary, which he avers was established by Nicholas S. Edwards at the time he made the partition among his children, and which, he alleges runs between two witness trees, one a poplar and the other a persimmon. He also pleads the prescription of ten and thirty years.

In an effort to establish the correct line between the two properties, plaintiff had had a survey made by the parish surveyor who testified at length in the case, explaining his survey. After hearing his testimony as well as that of numerous witnesses in reference to the act of partition, and what was the actual intention of the parties in respect thereto, the district court rendered judgment in accordance with the survey, establishing the eastern boundary line between the properties as shown on the plat of survey, and recognizing the plaintiff as the owner and entitled to the possession of his land as shown, with the exception of that portion thereon appearing as occupied by the improvements of Millard F. Edwards.

The defendant has appealed.

From the act of partition, it appears that Millard Edwards who had the first choice, selected a tract containing seventy-six acres and that in order to make up his total of eighty-six acres, it became necessary to add a ten-acre tract which is

described in his deed, as, "commencing at the Allen Spring and running S. E. to a post below the gin, thence N. W. to the intersection of T. & R. line and back to the beginning, so as to include his Millards home gin and stables * * *." (The description is copied as it is written in the copy of the act before us.)

As the surveyor acknowledged the impracticability of running a straight line northwest from the post below the gin site to the intersection of the township and range line so as to include the residence and stables referred to in the description, the district·judge permitted the introduction of evidence to show the real and actual intention of the parties at the time the partition was made and accepted by all. We believe his ruling in that respect was correct.

The evidence established what is re-. ferred to as the "old Convington Road" as the boundary line between the two properties. The Millard Edwards property was on the west side of the road and the Walter Edwards tract on the east. The road was therefore the eastern boundary of the Millard Edwards property. His residence, which we gather from the evidence was the one he lived in even before the partition, as well as the gin referred to, were on the west side of the road and necessarily were included in the tract which was alloted to him. The stable, on the other hand, was on the east side of the road.

The tract allotted to Walter Edwards in the act of partition is described as containing eighty-six acres, more or ·less, "beginning at intersection of T. & R. lines 2 & 8 and running S. E. along the old Convington road to the pine field hollow, thence E. up said hollow to E. boun-

dary line of said Headright, thence N to T line 2 thence W along said line to place of beginning."

As the matter impresses us, the issue in the controversy arose because of the location of what is now only the stable or barn site of the old Millard Edwards barn on the east side of the old Convington road. As his title was made out in such manner as to include his stable within his eastern boundary line, there appears the basis for a reasonable contention as to its exact location. We find a satisfactory explanation, however, from sufficient proof adduced, that when the ancestor, Nicholas S. Edwards, was stepping off the ten-acre tract which was to go to Millard S. Edwards, to make up his eighty-six acres, he observed that it would fall just a little short of taking in the barn or stable which belonged to him. Not to deprive him, therefore, of his buildings or break up the farm as it were, he went beyond the road and established the line so as to include the stable. That seemed to be the sole purpose he had in mind. We do not believe that he ever contemplated running the line so as to include in Millard Edwards' title four acres of land on the east side of the road. Especially is this borne out by the fact that in the description of the Walter Edwards tract, the road is given as the boundary line.

There is further proof that three or four years before the trial of this suit, the same controversy herein involved had arisen. At that time, Millard Edwards, defendant's author in title, was living. He and several parties, including the present defendant and his father, C. D. Walker, met at the office of the clerk of court in

the courthouse at Amite, and, after having carefully read the act of partition, and gone over the matter thoroughly, they all came to a gentlemen's understanding and handshaking agreement to the effect that all that the Millard Edwards title called for across the old Convington road, according to the act of partition, was the site on which his stable formerly stood. The agreement was not in writing and is not of record and is not therefore binding as such on the defendant in the present suit, but it is a significant matter of proof which lends great weight in determining the question at issue between the present owners of the two tracts of land.

The defendant has failed to sustain the prescriptions which he pleaded. He has not shown title to the property he claims to support the plea of ten years, and has failed to support by proof, the establishment of the line which he contends runs between the poplar and persimmon witness trees. There was a line blazed between these points recently to show the delivery of some pine timber sold by the plaintiff from off the four acres of land in controversy. This line, however, had nothing to do whatever in the way of indicating the division line between the two properties.

Defendant's plea of the prescription of thirty years demands an actual, uninterrupted possession during that period of time. This, he has not shown. On the contrary, what possession there was, seems to have always been exercised by the plaintiff and his authors in title.

We find no error in the judgment of the lower court and it is therefore affirmed.