SAVOY, Judge.
This is a pétitory action instituted by plaintiff against numerous defendants. Some of the defendants filed exceptions of no right and no cause of action. Other defendants did not file any pleadings in the case. After a-hearing on the exceptions the district judge rendered judgment maintaining the exception of no cause of action as to the defendants who filed same, and also, on his own motion, maintained the exception of no cause of action in favor of those defendants who filed no pleadings in the case. From this judgment plaintiff has appealed to this Court.
*169 For a cause of action plaintiff alleges he is the owner of an undivided interest in land described in his petition. He states that he purchased the undivided interest of some of the heirs of M. E. Lemoine and Celeste Beal. He desires to be recognized as the owner of the undivided interest in the property, and also prays for an accounting by Placid Oil Company, which, it is alleged, has produced oil and gas on said land.
By supplemental petition plaintiff set out his chain of title.
There were two acts of sale introduced on the exceptions by stipulation of the parties. One is a deed from Gus Lemoine to Eustis Radial dated December 29, 1937. In this deed the property claimed by plaintiff is described as:
“An undivided one half (J4) interest in and to what is known as the Lemoine Camp on Clear Lake in the Parish of Natchitoches, Louisiana consisting of eleven cabins and a store building and all appurtenances thereto and also thirty boats more or less together with the paddles and other equipment necessary to maintain same.
“To have and to hold the said property unto the said purchaser, his heirs and assigns in full property forever as long as the property is maintained as a Camp on Clear Lake, the seller warranting the title to the said property herein transferred and giving a subrogation of warranty against all prior vendors of the same.”
The second deed is dated July 13, 1938, and is from Eustis Rachal to M. E. Le-moine. In this deed the property in controversy is described as:
“An undivided one half (1/2) interest in and to what is known as the Lemoine Camp on Clear Lake in the,Parish of Natchitoches, Louisiana, consisting of eleven cabins and a store building and all appurtenances thereto and also thirty boats more or less together with the paddies and other equipment necessary to maintain same and being the same property acquired by the vendor of Gus Le-moine as per deed dated December 29, 1937 and duly of record in the Clerk’s office for the Parish of Natchitoches, Louisiana.”
As stated before, plaintiff purchased his interest from the heirs of M. E. Lemoine and Celeste Beal who are both deceased.
Defendants in this case are third parties who acquired according to the public records.
The issue for determination is whether the descriptions in the deeds mentioned herein are ambiguous; and, if they are not, whether the descriptions in the deeds are sufficient to put third parties, defendants herein, on notice.
After examining both deeds in this case, we do not find that any immovable property was transferred by the vendor to the vendee. The property transferred is movable.
In the case of Boudreaux v. Shadyside Company, 111 So.2d 891 (La.App. 1 Cir. 1959), the court said:
“For a purchaser of immovable property in Louisiana acquires title according to the public records and is not bound or affected by unrecorded claims or equities. See Blevins v. Manufacturers Record Publishing Co., 235 La. 708, 105 So.2d 392, extensively summarizing the well settled jurisprudence. * * *.”
Counsel for plaintiff contends that since the deeds in the instant case are ambiguous, he should be allowed to prove by parol testimony the intent of the parties. This contention was answered in the Boudreaux case, supra, thusly:
“Defendant cites several cases in which parol evidence was admitted to establish the boundaries of the tract according to the intention of the original vendors. But such decisions involve recorded descriptions which by their own terms *170 were indefinite or ambiguous so as to require in explanation evidence extraneous to the public records: Fleming & Baldwin v. Scott, 26 La.Ann. 545 (‘northwestern third of Hollywood plantation’); Ryan v. Laprairie, La.App. 2 Cir., 84 So.2d 854, 856 (‘all of the acreage as contained within the present fence’); Edwards v. Walker, 1 Cir., 15 La.App. 664, 132 So. 773 (a line drawn ‘so as to include his Millards home gin and stables’).”
We are convinced that the property transferred in the two deeds introduced in evidence in this case consisted of movable property, and that defendants, as third parties relying on the public records, acquired good title to the property purchased by them insofar as plaintiff is concerned.
For the reasons assigned the judgment of the district court is affirmed at plaintiff’s costs.
Affirmed.