The plaintiff claims to be the owner of 172,797.28 acres of land situated in the parish of Terrebonne, and by this suit seeks to annul and set aside a certain tax adjudication of said land to the state, whence the several defendants acquired, each for himself, by successive title, certain portions of the said land.
As all parties claim under a common author, the Louisiana Reclamation Land Company, *Page 160 
it is unnecessary to refer to the chain of title prior to that of the common author.
The plaintiff acquired the land from E.C.L. Herwig on July 22, 1918, and Herwig acquired at a tax sale of date November 6, 1890, made under an assessment in the name of the Louisiana Reclamation Land Company for the taxes of the years 1886, 1887, 1888, and 1889.
The tax adjudication to the state, which is sought to be annulled and which all the defendants rely on as the basis of their ownership, was made on June 20, 1891, for the taxes of 1890 assessed to the said Louisiana Reclamation Land Company.
It is to be observed that, while the tax title under which plaintiff claims is the more ancient of the two in point of date and registry, the adjudication to the state was based on an assessment which was made and filed with the proper officers long prior to the tax sale relied on by the plaintiff, and for the delinquent taxes due on the land for a year subsequent to the years for which the first tax sale was made. So that whatever title Herwig, the plaintiff's immediate author, may have acquired at the tax sale must necessarily yield to the subsequent adjudication to the state for subsequent taxes assessed and due on the property.
In this statement we assume of course that the subsequent assessment and sale to the state were otherwise legal and valid.
The contention of the plaintiff is that the adjudication to the state is stricken with such inherent, absolute, and radical nullity that it cannot be regarded as a tax sale subject to the limitation or peremption provided for in the Constitution against suits to annul tax sales after three years.
To be more specific, the grounds of nullity alleged by the plaintiff may be said to be threefold: (1) That there was no assessment at all for the year 1890 in the name of Herwig; (2) that the assessment in the name of *Page 161 
the Louisiana Reclamation Land Company could not furnish a legal basis for a tax adjudication in the name of Herwig of land as belonging to Herwig; and (3) that there was no sufficient description of the land in the said assessment to constitute the basis or furnish the authority for the tax collector to make an adjudication.
The defendants tendered certain exceptions in limine and pleaded the prescription of 10 years acquirendi causa and the prescription or peremption of three years in bar of plaintiff's right to sue to annul the tax sale on the grounds alleged.
The exceptions were overruled, and the pleas of prescription were referred to the merits.
A trial was had on the merits after issue joined by answer of all the defendants, and judgment was rendered sustaining the plea of prescription of three years and dismissing the plaintiff's suit.
Our attention is directed by the answer of appellees to the appeal, to an exception of misjoinder of parties defendant. It is contended that, as the defendants all hold under separate titles separate portions of the land and have no privity of interest among themselves, they are improperly joined in the suit.
It is sufficient answer to say that the defendants all claim title under the tax sale attacked. The validity of that sale is the sole issue between the plaintiff and all the defendants. The plaintiff's cause of action is common to all the defendants, and all the defendants have a common interest to defeat plaintiff's action. If the plaintiff is entitled to annul the tax sale against one of the defendants, he is entitled to the same relief against all the defendants.
We can see no sufficient reason why there should be as many separate suits and as many trials of the one single issue as there are parties holding under the same tax title. *Page 162 
In the case of Reardon v. Dickinson, 156 La. 562, 100 So. 715, we said:
 "Where there is a common interest in the subject-matter of the suit, and where the cause of action arises from the same common source, joinder will be permitted; otherwise it will not." See also Holzab v. New Orleans C.R. Co., 38 La. Ann. 187, 58 Am. Rep. 177; Cane v. Sewall, 34 La. Ann. 1096; Conery v. Coons, 33 La. Ann. 373; Riggs Bro. v. Bell, 39 La. Ann. 1031, 3 So. 183.
After all is said, the trial has already been had, the matter was within the sound discretion of the trial judge, and we cannot say that he has abused that discretion. We cannot see where any one of the defendants has suffered any injury by being forced to defend the action along with his codefendants.
The assessment for 1890, upon the regular roll for that year which has been brought up in the original, is as follows:
 "Louisiana Land Reclamation Co. Ward 8, 172,797.28 acres in Ts. 16, 17, and 18. S. Rs. from 12 to 17, E. No. 1575. Cash value of land $1,637. Acreage tax $4,319.19 1/5. Total assessment $1,637. Parish tax $16.37. State tax $9.82 2/10. District levee tax $16.37."
At the time this assessment was made, the Louisiana Reclamation Land Company was the recorded owner of the lands. The assessment was therefore properly made in the name of that company. It could not have been legally made in the name of any other person. When the time arrived for making the advertisement and sale of lands for assessed and delinquent taxes, the deed to Herwig had been placed of record, and the tax collector, as was his legal duty, gave notice to Herwig and advertised the land under the assessment of the land company in the name of Herwig, and adjudicated the said land to the state in the name and as the property of Herwig.
In giving notice to Herwig, the then owner and tax delinquent, the tax collector complied with the law and followed the uniform interpretation of the Constitution which this *Page 163 
court had made with respect to giving notice to the "taxpayer," "tax debtor," or "tax delinquent."
This court has repeatedly held more particularly under the Constitution of 1879 (article 210), which was in force at the time the tax sale here involved was made, that the notice required to be given the "taxpayer" or the "tax delinquent," preceding the advertisement and tax sale, must be given to the person who is the actual owner of the property at the time said notice is given. Concordia v. Bertron, 46 La. Ann. 358, 15 So. 60; Adolph v. Richardson, 52 La. Ann. 1159, 27 So. 665; Tensas Delta Land Co. v. Sholars, 105 La. 358, 29 So. 908; Foreman v. Hinchcliffe, 106 La. 225, 30 So. 762; Bartley v. Sallier,118 La. 93, 42 So. 657; Riddell v. Rice, 128 La. 241, 54 So. 785; McCrory v. Bradford, 130 La. 212, 57 So. 892; Foreman v. Fontenot,131 La. 925, 60 So. 618; Adsit v. Park, 144 La. 934, 81 So. 430.
In the case of Geddes v. Cunningham, 104 La. 313, 29 So. 141, it was said:
 "Upon the contrary, the more the proposition is considered, the more inconceivable it seems that the framers of two Constitutions (for the provisions of the present Constitution are similar to those of the Constitution of 1879) should display such solicitude upon the subject of notifying `delinquents' of the intended sale of property for taxes, only that such notice should be addressed to and served upon those who have no interest or concern in the matter either because they are dead, or because, being still alive, they never owned, or else have parted with, the property which is the subject of the notice."
Since therefore the notice must be given to the actual owner, though the assessment has been made in the name of another person, and since the proceedings in selling property for delinquent taxes must be carried on against and contradictorily with the person who is the actual recorded owner at the time such proceedings and sale are had, it necessarily follows that the advertisement of the property in the name of Herwig, instead *Page 164 
of in the name of the party against whom the assessment was made, was the proper and legal course for the officer to pursue.
To have given the notice to the Louisiana Reclamation Land Company, ignoring entirely the recorded deed and change of ownership to Herwig since the assessment was made, would have been unjustified and contrary to the rule of stare decisis, and the rule of property as established by the jurisprudence of this court.
Our conclusion is that there was an actual assessment (valid or invalid for want of sufficient description reasonably to identify the property) made in the name of the land company, which was the owner at the time. There was a tax sale made under said assessment, substituting the name of Herwig, the owner at the time, for the one to whom the assessment was made and who had ceased to be owner. This, we think, furnishes a satisfactory answer to the first and second grounds of attack on the tax sale, as we have heretofore indicated to the effect that there was no assessment at all, and that the assessment to the Louisiana Reclamation Land Company could not be made the basis of a tax sale in the name of Herwig.
The only other cause of nullity seriously urged is that there was no sufficient description of the land in the assessment to constitute the basis for a valid tax sale, or that would make the tax title immune from attack after the lapse of three years.
The assessment which we have already quoted gives the name of the owner, the number of acres, together with the several townships and ranges in which the land is located. The land constitutes practically a solid block and embraces practically all the townships and ranges named in the assessment.
There was no other land owned by either the Louisiana Reclamation Land Company *Page 165 
or Herwig in the townships and ranges mentioned in the assessment, and no other assessment was made to either for the year 1890. The land was minutely and particularly described in the advertisement and in the tax deed to the state the same as in the previous assessment and tax deed under which Herwig purchased.
These facts, we think, were sufficient to identify the lands owned at the time by the Louisiana Reclamation Land Company as the property intended to be assessed and sold. Indeed we do not see how there could be any doubt at all as to the identification, with such a large and solid body of acreage, and with the designation of townships and ranges preceded by the correct name of the recorded owner.
Act 140 of 1890 provides that, for the purpose of taxation and tax sales, it shall be sufficient to assess and describe all property according to such description as will reasonably identify the property assessed, such as by designating the tract or lot by the name by which it is commonly known, or by the number or letter by which it may be usually designated upon the assessment rolls, * * * or by the dimensions, or description, or name given in the act transferring the ownership thereof, or by such other and further description as may furnish the means of reasonable identification.
Section 3 of the act declares that no assessment or tax sale shall be set aside, or annulled, for any error in the description or measurement of the property assessed in the name of the owner, provided the property assessed and sold can be reasonably identified.
Section 4 provides that the tax sale shall convey, and the purchaser shall take, the entirety of the property, neither more nor less, intended to be assessed and sold, than such as was owned by the delinquent taxpayer, regardless of any error in dimensions or description *Page 166 
of the property assessed and sold, and the tax collector, in the advertisement or deed of sale, may give a full description according to original titles.
The assessment and tax title under consideration in point of description meets substantially every requirement of the foregoing quoted statute. Nothing more could have been added to the assessment, except to make mention of each governmental subdivision, and this was not required in making the assessment.
The name of the recorded owner, the unusually large acreage, the designation of the townships and ranges all of which were practically covered by the land, were unquestionably sufficient to "furnish the means of reasonable identification." In Baldwin Lbr. Co. v. Dalferes, 138 La. 507, 70 So. 493, the court said:
 "The complaint that the land was not described by government survey or subdivisions, in the tax sale to the state in 1908, deserves no consideration. The law only requires a description by which the property can be identified in a tax deed."
And even where there is a doubt of the sufficiency of the description in the assessment and tax sale, the doubt may be removed by evidence dehors the assessment and tax deed.
In Weber's Heirs v. Martinez, 125 La. 663, 51 So. 679, the court said:
 "Such identification might be completed by proof, aliunde the title, of possession, by the vendor or the vendee, or of any other relevant facts."
In Gouaux v. Beaullieu, 123 La. 684, 49 So. 285, the court said:
 "Referring to the contention made in that case [Arnaudet Case, 111 La. 586] that the description was not susceptible of identification, the court said that as a fact `Gellert did identify it and took possession as owner.'"
The court further said:
 "As a fact, the defendants have identified and taken possession of the land, it being the exact *Page 167 
quantity of land and the only land owned by the person in whose name it was assessed in the section, township, and range mentioned according to the official maps."
In the case of Perrault's Estate, 128 La. 453, 54 So. 939, it was contended that the description in the tax sale was insufficient, and that this rendered the title invalid.
The assessment merely gave the name of the owner, the number of acres, and the township and range and the parish where located. The court held:
 "This description, mentioning, as it does, only the township, would not have identified the land, and the tax sale would therefore have been null, if the tax debtors had had any other land in that township; but this 960-acre tract was all they had, hence this description, imperfect as it was, identified their land, since it applied to it and to none other, and was therefore sufficient."
In the instant case we have seen that neither the assessed owner nor the owner at the time of the sale owned any lands other than this large body assessed in the number of townships and ranges given, and the assessment could not have applied to any land other than the land owned by the parties and fully described in the tax deed.
But if we entertained any doubt as to the description being sufficient to constitute a perfectly valid and legal assessment, the fact remains that there was an actual assessment to the actual recorded owner, and there was an actual tax sale in the name of the actual owner, and in this tax deed the property was as fully and completely described as it was in the tax deed under which the plaintiff holds.
This being the case, the purchaser at such tax sale cannot be disturbed in his right of ownership thereunder after the lapse of three years from the adoption of the Constitution of 1898, save and except for the two causes mentioned in article 233 — that of dual assessment and that of antecedent payment *Page 168 
of taxes — neither of which causes is made the basis of the attack on the tax title in this case.
It is not pretended that either the Louisiana Reclamation Land Company or Herwig had or exercised any possession or control of the lands after the adjudication to the state. Neither was assessed thereafter with the property, but, on the contrary, the property was assessed to the several purchasers who acquired under titles from the levee board to which title was conveyed by the state.
It is scarcely necessary to repeat what this court has so often taken occasion to announce, that since the Constitution of 1879 and the succeeding ones, where there has been an assessment of land and a tax sale is made which describes the land in such a manner that it can be reasonably identified, the peremption of three years provided for by the Constitution applies, and the tax title is not subject to attack thereafter, except on the two grounds stated, or where the tax debtor, tax delinquent, or owner has remained in possession of the property after the said tax sale.
This court cannot be expected now to depart "from this doctrine based, as it is, on the plain words of the Constitution."
In conclusion on this question, we may appropriately repeat what Mr. Justice Blanchard, as the organ of the court in one of the earlier cases (Ashley v. Bradford, 109 La. 655, 33 So. 634), said with respect to article 233 of the Constitution:
 "By its enactment they [the members of the convention] intended to give warning to owners of property that they must look after and keep up with the same in respect to assessment for taxes and payment of taxes, and that if they failed to do so and the property appeared upon the assessment rolls, was proceeded against for nonpayment of taxes and sold and the title of the purchaser recorded, the owner must, at his peril, bring his suit within the time prescribed to set it aside, and if he did not he must forever thereafter hold *Page 169 
his peace, except as to the two causes which the article excludes from the operation of the prescriptive limit."
What has been said in this opinion, and the decree herein rendered, concerns all of the defendants, except the defendant Castell Land Harbor Company. As to that company, the appeal has been dismissed on joint motion of appellees and appellant.
For the reasons assigned, the judgment appealed from is affirmed.
O'NIELL, C.J., absent.
 On Dismissal of Appeal as to one Appellee.