On Rehearing.
 

 THOMPSON, J.
 

 The facts of this case are fully stated in the original opinion and need not be repeated here.
 

 It suffices to say in that connection that James A. Jackson appeared upon the public records as the owner of the property when the assessment was made for the year 1917. The assessment was therefore properly made in his name. See authorities cited in original opinion and Pierson v. Castell Land & Harbor Co., Inc., 159 La. at p. 162, 105 So. 274.
 

 After the assessment was made in the name of Jackson, the property passed by mesne conveyances to the plaintiff Ryals, who was the recorded owner at and before the tax sale. He was in the actual possession and living on the property at the time of the sale.
 

 It is well settled, by repeated decisions of this court, that it matters not in whose name thé property has been assessed, the owner of record at the time of the advertisement and sale for taxes is to be regarded as the delinquent tax debtor, within the meaning of the constitutional provision requiring notice to be given to the delinquent before making the sale, and where the notice of delinquency was not given to such recorded owner the tax sale is null and void. Kivlen v. Horvath, 163 La. 904, 113 So. 140, and authorities cited therein; Pierson v. Castell, etc., 159 La. 158, 105 So. 274.
 

 The validity or invalidity of the tax sale here made the subject of attack must therefore be determined on .the fact as to whether or not plaintiff Ryals, the recorded owner at the time of the tax sale, was or was not given notice of tax delinquency.
 

 In our original opinion, we reversed the judgments of the Court of Appeal and of the district court, and rejected the demand for the nullity of the tax sale.
 

 The ruling proceeded on the theory that the tax deed was prima facie valid, and that the burden of proof of want of notice was upon the plaintiff, and that he failed to discharge that burden.
 

 A reconsideration of the case on rehearing has brought us to the conclusion that we were* in error.
 

 It is quite true that the Constitution provides that all deeds of sale made by the collectors of taxes are to be received by the courts in evidence as prima facie valid sales, and it has been frequently held that, in view of the provision referred to, it was incumbent upon the person seeking to annul a tax sale on the ground of want of notice to offer some evidence of the failure to give notice before the tax purchaser can be called upon to sustain the presumption flowing from the tax deed, and this has been held in cases even where the deed does not recite that notice was given.
 

 
 *961
 
 Thus in Slattery v. Heilperin & Leonard, 110 La. 95, 34 So. 143, it was said:
 

 “We do not understand, therefore, that the omission from these tax deeds of the recital that notice had been given to the tax debtor, * * * destroyed the prima facie valid character of the deed given it by the Constitution. * * *
 

 “Neither the Constitution nor the statute of 1880 specifically required these recitals to be made. The law presumes that those things were done which it commanded to be done.”
 

 All the cases cited, however, where the presumption flowing from the tax deed was applied were cases where the property was sold in the name,of the person to whom it was assessed, and there had been no change in ownership so far as the conveyance records showed at, the time the tax sale was made.
 

 In none of the cases referred to, and in no case we have been able to find, has the presumption of validity of the tax deed, in respect to the notice of delinquency, been applied where the property stood upon the public records at the time of the tax sale in the name of a person different from the one to whom the property was assessed.
 

 Whether the prima facie validity of the tax sale, with reference to notice, should or should not be held to apply as against one to whom the property was not assessed, but who was the recorded owner and in actual possession at the date of the tax sale, is not necessary to decide in this case.
 

 The evidence, together with all of the surrounding circumstances, in our opinion, was sufficient to throw upon the tax purchaser the burden of showing that notice was given to the plaintiff.
 

 The plaintiff Ryals became the owner of the property in December, 1917, and went into actual possession by moving on the property.
 

 The tax sale was made in the name of Jackson in June, 1918.
 

 It is shown that Ryals caused the property to be assessed to him, and he paid the taxes thereon for 1918 and each subsequent year.
 

 When asked on cross-examination if he had made any effort to pay the taxes of 1917, for which the sale was made by the tax collector, Ryals answered that he did not, and that he did not know there was any taxes against it.
 

 In this connection, it may be stated that Ryals’ deed, which was a notarial act, recited that the tax receipts showing the payment of the taxes on the land were produced.
 

 While this recital may not have referred to the taxes of 1917, which were then assessed •but not collectible, still it was sufficient to justify the assumption on the part of Ryals that he was acquiring the land free of any tax claim.
 

 Be that as it may, however, the statement of Ryals that he did not know there was any taxes against the land for 1917 amounts to practically the same as saying that he had not been notified by the .tax collector of the delinquency of the taxes for 1917, for if such notice had been given him,'he would have known as a matter of fact that the taxes were assessed against the land.
 

 The statement of Ryals, when considered in connection with the fact that he was not a party to the assessment nor to any of the proceedings culminating in the tax sale and that such proceedings were carried on exclusively in the name of Jackson, who ceased to be the record owner long before the tax sale, is sufficient, in our opinion, to overcome whatever presumption may attach to the tax sale under the provision^ of the Constitution.
 

 In the absence of any contrary showing, the fair and reasonable presumption is that, if any notice was given, it was so given to the party assessed and in whose name alone the tax proceedings were carried on and in whose name the sale was made.
 

 For the reasons assigned, it is ordered and decreed that the judgment of the Court of Appeal and that of the district court be and
 
 *963
 
 the same are affirmed at the cost of defendants. The right to apply for a rehearing is reserved to the defendants.
 

 BRUNOT, J., dissents.