No. 2539

Second Circuit

---

THOMAS v. DREW, ET AL.

---

(May 22, 1928.  Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Taxation—Par. 381; Pleading—Par. 62.**
A petition attacking a tax sale upon the ground that the party to whom it was assessed, to whom notice of delinquency was given, and in whose name it was advertised and sold, was not the record owner thereof and that no notice was given to the record owner states a cause of action and exception no cause of action must be overruled.

Appeal from the Second Judicial District Court, Parish of Webster. Hon. John S. Richardson, Judge.

Action by J. C. Thomas against H. C. Drew, et al.

There was judgment for defendant and plaintiff appealed.

Judgment reversed, exception no cause of action overruled, and cause remanded to lower court.

T. H. McGregor, of Rayville, attorney for plaintiff, appellant.

A. S. Drew, of Minden, attorney for defendants, appellees.

ODOM, J.  The only question before this court is whether plaintiff's original and two amended and supplemental petitions set out a cause and right of action.

The judge of the District Court did not think so, and on exception dismissed the suit, and plaintiff appealed.

In his original petition, plaintiff alleged that he is the owner of certain property in the town of Minden, having acquired the same from W. W. McDonald on May 1, 1922, and he traces his title by mesne conveyances back to J. W. Murrell.

In his original petition, he alleges that said property was sold on September 17, 1921, at tax sale by the sheriff and ex-officio tax collector for Webster parish for the taxes of 1920 to A. Glass, said property having been assessed to and sold in the name of J. W. Murrell, who was not, at the time of the advertisement and sale, the owner of the property, but that, on the contrary, the property was, at the time of the advertisement and sale, owned by Miss Eugenie McDonald, one of plaintiff's authors in title.

He alleges also that said property was sold by the marshal and tax collector of the town of Minden on November 16, 1921, to the said A. Glass for the taxes of 1920, the same having been assessed to and sold in the name of J. W. Murrell, who was not the owner thereof at the time of the sale.

He further alleges that notice of delinquency in each case was served on J. W. Murrell, to whom the property was assessed, and that no notice was served on Miss Eugenie McDonald, who was the record owner thereof at the time the property was advertised and sold, and that said tax sales were each null, void and of no effect for that reason.

It is further alleged that the purchaser, A. Glass, sold said property on March 25, 1922, to Jules L. Dupuy, and that on April 24, 1923, said Dupuy sold an undivided one-half interest therein to H. C. Drew and A. S. Drew; said Dupuy and H. C. Drew and A. S. Drew being the record owners and in possession under A. Glass, the tax purchaser, at the time the suit was brought and against whom he brings this action.

Alleging that said parties have no legal title to said property and that they refuse to yield possession to him, he asked that he be decreed the owner of the property.

In an amended and supplemental petition, plaintiff reiterated all the allegations of his original petition and attached to and made a part thereof certified copies of the deeds showing his chain of title from J. W. Murrell to A. W. Recker, from Recker to W. W. McDonald, from McDonald to Miss Eugenie McDonald, from Miss McDonald back to W. W. McDonald, and from said McDonald to plaintiff.

He also annexed the two tax deeds above referred to and the deed from Glass, the tax purchaser, to Dupuy and from Dupuy to A. S. Drew and H. C. Drew.

He prayed that said tax deeds be declared null and void and of no effect and that he be decreed the owner of said property and that there be further judgment decreeing the deeds from Glass to Dupuy and from Dupuy to H. C. Drew and A. S. Drew likewise null and void as to him.

The defendants, Dupuy and R. C. Drew and A. S. Drew, asked, by way of exception, that plaintiff's suit be dismissed, because:

First, it set out no valid right of action; and,

Second, because it set out no valid cause of action.

Defendants then answered, setting up, among other things,

"* * * that the said tax deed and assessment and notice was regular and according to law and the property conveyed thereunder was a valid transfer."

And, further, in paragraph 12:

"Admit that the said defendants herein are in the actual possession of said property at the time the said suit was filed but do not own said land at the time as said property has later been conveyed to............ ................on....................by act of transfer as recorded in conveyance record vol......... page............, Webster parish, La."

Whereupon the plaintiff filed his second amended and supplemental petition, in which he alleged that since the filing of his original and amended petitions and before answer, the defendants Dupuy and H. C. Drew and A. S. Drew had sold said property to one C. M. Furlow on April 10, 1925, as shown by deed recorded in conveyance book 68, page 237.

He attacked the said sale on various grounds, which need not be mentioned here.

Adopting and reiterating all the allegations of his original and first amended and supplemental petitions, he asked that C. M. Furlow, the last purchaser, be made a party to the suit and that service of the original and both amended petitions be made on Furlow and that his second amended petition be served on Dupuy and H. C. Drew and A. S. Drew and that they all be cited according to law, which was ordered by the court.

Whereupon C. M. Furlow tendered the following exceptions:

"Now into court comes C. M. Furlow, made party defendant herein, solely for the purpose of this exception, and shows to the court that the plaintiff's petition and amendment should be dismissed at his cost, for the following reasons, to-wit:
"First: That plaintiff's petition and amendment does not disclose a valid cause of action against your exceptor.
"Second: That the plaintiff's petition and amendment does not disclose a valid right of action."

On the same day the defendants, Dupuy and H. C. Drew and A. S. Drew, filed the same exception, verbatim.

Four days later the court rendered judgment, reciting

"* * * the court being of the opinion that the law is in favor of defendants, Jules L. Dupuy, H. C. Drew, A. S. Drew, and C. M. Furlow, and against the plaintiff, J. C. Thomas, and for reasons this day orally assigned, it is ordered, adjudged and decreed that the exceptions of no cause of action and no right of action be sustained and the suit dismissed at cost of plaintiff."

We are not informed as to what reasons the district judge gave for sustaining the exceptions, as he assigned none in writing and the appellee has neither argued the case orally nor filed any brief in this court.

Plaintiff alleges and his exhibits show that he purchased the property involved on May 1, 1922. He traces his title, by unbroken chain, back to J. W. Murrell; that J. W. Murrell sold the property on January 28, 1920; the tax deeds under which these defendants claim recite that the property was assessed to J. W. Murrell for the year 1920, that he failed to pay the taxes for that year, that he was given notice of delinquency, and that the property was advertised and sold in his name.

It is alleged and the exhibits show that when the property was advertised and sold in 1921, Murrell was not the owner thereof, having sold the same on January 28, 1920, and at the time of the advertisement and sale the property was owned by Miss Eugenie McDonald, one of the plaintiff's authors in title; and it is alleged, which allegation must be taken for true, that Miss McDonald, the record owner, had no notice of delinquency or of the sale served on her.

In a very recent case, decided by the Supreme Court on February 13, 1928, that of W. P. Ryalls vs. Mrs. Lottie Todd, et al., No. 28,713, not yet officially reported, the Court said:

"It is well settled by repeated decisions of this court, that it matters not in whose name the property has been assessed, the owner of record at the time of the advertisement and sale for taxes is to be regarded as the delinquent tax debtor within the meaning of the constitutional provision requiring notice to be given to the delinquent before making the sale, and where the notice of delinquency was not given to such record owner, the tax sale is null and void. Kirlen vs. Howath, 163 La. 904,

113 So. 140, and authorities cited therein; and Pierson vs. Castell, etc., 159 La. 158, 105 So. 274."

In the case at bar, plaintiff attacks the tax sale involving his property upon the specific ground that the party to whom it was assessed, to whom notice of delinquency was given, and in whose name it was advertised and sold, was not the record owner thereof and that no notice was given to the record owner.

He alleges ownership in himself and that defendants claim to own and are in possession of the property and refuse to yield to his claim and asks that said tax title be decreed null and void.

We think plaintiff has set out a cause and right of action.

Regardless of any other question which may be involved and which may have been considered by the lower court, only one is before us on this appeal, and that is whether plaintiff, in his pleadings, has shown a cause and right of action. We think he has.

It is therefore ordered, adjudged and decreed that the judgment appealed from sustaining exceptions of no cause and no right of action, be reversed and avoided; and it is now ordered that the case be remanded to the lower court and there reinstated on the docket to be proceeded with according to law and in due course; costs of the appeal to be paid by the appellee; all other costs to await the final result.