ROGERS, Justice.
 

 Plaintiffs allege that, together with the five minors named in their petition, they are the owners of Lots Two and Three in Section 23 and Lots Two and Three in Section 24, Township 22, South, Range 22 East, in the Parish of Lafourche, and that the defendants are in the actual, physical possession of the lands, without title, and refuse to deliver the possession thereof to plaintiffs. They allege that they acquired the lands as the heirs of Baptiste Egle and his wife, and by purchase from some of their coheirs; that Baptiste Egle acquired the lands from the State of Louisiana by patent No. 11,101, issued on March 25, 1862, and placed of record in the Parish of Lafourche on July 2, 1935. The five minor heirs referred to in the petition were made defendants, but by subsequent pleadings they became plaintiffs and adopted the allegations of the original petition as their own.
 

 The defendants acquired the lands in dispute by purchase from their father, Eugene Constantin, Sr., and by inheritance from their mother, Mrs. Alice Bourg, deceased wife of Eugene Constantin, Sr., and their sister, Alice Constantin, who died subsequent to the death of her mother.
 

 Defendants, in their answer, admit that Baptiste Egle acquired the lands in dispute from the State of Louisiana by patent dated March 2, 1862, and that the patent was not recorded in the Parish of Lafourche until July 2, 1935. Further answering with the reservation that plaintiffs, both majors and minors, as plaintiffs in a petitory action be first required to establish their title, defendants aver:
 

 That the lands in dispute, comprising 157.63 acres, once formed, and still forms, part of a larger tract containing 940 acres, more or less, lying on both banks of Bayou
 
 *906
 
 Moreau in the Parish of Lafourche, bounded above by the lands of Thibodaux and below by those of the State of Louisiana,- ' which tract of land was forfeited to the State of Louisiana for the unpaid taxes for the years 1871, 1872, 1873, 1874 and 1875.
 

 That the tract of land containing 940 acres, more or less, and embracing the tract of land claimed by plaintiffs which was forfeited to the State of Louisiana, was, on December 6, 1877, adjudicated to Maximillien (Milien) Bernard by the tax collector of the Parish of Lafourche under the provisions of Act 96 of 1877, Ex.Sess. The adjudication was made for the sum of $137.-37%, covering the delinquent state taxes for the years 1871 to 1876, both inclusive, as well as all costs and charges, as appears by the proces verbal of sale dated December 6, 1877, and recorded in C.B. 18, fol. 71 of the Conveyance Records of the Parish of Lafourche.
 

 That the deed to Milien Bernard was based on the forfeiture or forfeitures of a 940-acre tract of land which had taken place prior to December 6, 1877, and which conveyed to the adjudicatee the entire title and ownership of the 940-acre tract, including the Baptiste Egle lands which had been acquired by the State of Louisiana as the result of such forfeiture or forfeitures. That the title based on the forfeiture of the lands is, under the provisions of Act 42 of 1871, unimpeachable except upon proof that the taxes for the nonpayment of which it was forfeited had actually been paid to the tax collector prior to the official return to the parish recorder of his annual verified list of tax delinquencies.
 

 Defendants specifically pleaded, as a defense to the plaintiffs’ demands, the peremption of three years under Article 233 o'f the State Constitutions of 1898 and 1913 and section 11 of Article 10 of the Constitution of 1921, the prescription of thirteen years liberandi causa established by Act 185 of 1904, the prescription of five years liberandi causa provided by Article 3543 of the Civil Code, and the prescription of ten years and thirty years acquirendi causa established, respectively, by Articles 3478 and 3499 of the Civil Code.
 

 Upon the trial of the case, the trial judge rendered judgment.in favor of the defendants rejecting plaintiffs’ demands. From this judgment the plaintiffs have appealed.
 

 As this is a petitory action, plaintiffs can not succeed in the suit, except on the strength of their own title. They can not avail themselves of the possible weakness of the title of the defendants. It is admitted that defendants are in possession of the property in dispute. This admission relieves the defendants of the necessity of setting up and of proving title in themselves until and after plaintiffs have established the validity of their own title. Therefore, the question to be decided is whether plaintiffs have made such a showing of 'ownership as entitles them to the recovery sought in the casé.
 

 In support of their claim of title, plaintiffs rely on the patent No. 11,101, issued by the State of Louisiana to Baptiste Aigle (Egle), on March 25, 1862, which was not recorded in the conveyance records of the Parish of Lafourche until July 2, 1935. Plaintiffs are the heirs or successors in
 
 *908
 
 title of Baptiste Egle and his wife. There is no evidence in the record showing that Egle or his heirs sold or otherwise voluntarily disposed of the lands covered by his patent, except the sales made by two of the heirs, viz., Lucien Egle and Luvenia H. Nelson, to their co-heir, Davis Egle, on August 11, 1936, and on October 29, 1936, respectively. Davis Egle is one of the plaintiffs in this suit.
 

 On December 6, 1877, P. E. Lorio, State Tax Collector for the Parish of Lafourche, acting under the provisions of Act 96 of 1877, seized and sold, for delinquent taxes, the following described property assessed in the name of Dhue, Pitre and Company;
 

 “A certain tract of land measuring Nine Hundred and Forty Acres and being No. 114 as appears by assessment roll of 1876; said land is situated on the left bank of Bayou Lafourche at about Seventy miles below the Town of Thibodaux, bounded by the lands of Thibodaux and the State of Louisiana.”
 

 Maximillien Bernard was the purchaser of the property at this sale, which was made for the sum of $137.37%, covering the delinquent state and parish taxes for the years 1871, 1872, 1873, 1874, 1875 and 1876, and the expenses incidental to the seizure and sale. The tax collector’s .deed was recorded in the records of the Parish of Lafourche on December 28, 1877.
 

 On May 4, 1905, the widow and heirs of Milien Bernard- sold the 940-acre tract of land to Eugene Constantin, Sr., who acquired the property for account of the ordinary partnership of Bragard and Constantin, of which he was a member. This deed, was recorded in the conveyance and mortgage records of the Parish of Lafourche on May 8, 1905.
 

 In accordance with the terms of the judgment, rendered and signed on April 11, 1911, by the Seventeenth Judicial District Court for the Parish of Lafourche, in the suit of Bragard v. Constantin, by an act of partition executed on September 29, 1911, the 940-acre tract of land was allotted to Eugene Constantin, Sr. The act of partition was recorded in the conveyance records of the Parish of Lafourche on February 8, 1912.
 

 By judgment of court rendered on July 25, 1924, in . the Succession of Mrs. Alice Bourg, his deceased wife, Eugene Constantin, Sr., was recognized as the surviving partner in community arid as an heir of his daughter, Alice Constantin, who died subsequent to the death of her mother, and the defendants herein were recognized as the heirs of their deceased mother and sister. -This judgment was filed in the office of the Clerk of Court for the Parish of Lafourche on July 26, 1924. On June 8, 1926, Eugene Constantin, Sr., conveyed to his children, the defendants herein, his undivided interest in the 940-acre tract and other property. This conveyance was recorded in the conveyance records of the Parish of Lafourche on July 30, 1926.
 

 The plaintiffs failed to establish by satisfactory evidence that their ancestor in title, Baptiste Egle, ever took physical possession of the lots of ground covered by his patent. On the other hand, the evidence makes it clear that subsequent to the year 1870 and prior to the year 1935, Egle
 
 *910
 
 never, either personally, or by an agent or legal representative, or through a successor in title, attempted to assert any claim of ownership or right of possession to the property.
 

 The record shows that shortly after he purchased the 940-acre tract at tax sale on December 6, 1877, Maximillien Bernard took actual possession of the tract and continuously and uninterruptedly maintained such possession until his death prior to the year 1904. After Bernard’s death, his widow and heirs continued in possession of the property until they sold it under full warranty of title to Eugene Constantin, Sr., in the year 1905. Constantin, the purchaser, took possession of the tract of land under a title translative of property, which possession he held until June 18, 1926, when he sold his interest therein to his children and heirs, the defendants in this suit. Since their acquisition, defendants have maintained actual possession of the property as owners ,in good faith and under a just title. As shown by the evidence, the actual possession exercised by Maximillien Bernard and his successors in title was such possession and use as it was practical to apply to lands of the character of tho.se in dispute.
 

 In 1878, which was the year following the tax sale, the 940-acre tract of land was'assessed to Maximillien Bernard, the tax purchaser, and continued to be assessed to him, his heirs, successors and assigns, and, as thus assessed, the taxes were annually paid thereon.
 

 In 1935, some person or persons caused the property in dispute to be assessed as “Egle” property, since which time taxes have been paid under that assessment, although the defendants remained in possession of the property and continued to pay the taxes thereon under an assessment in their names. For a period of more than sixty-five years, neither the plaintiffs nor their ancestors in title returned the property in dispute for assessment purposes, nor did they pay any taxes thereon. They made no attempt to redeem it, and the present suit, which was filed on May 17, 1937, is the first and only attempt made by plaintiffs to recover the property, which is now in the possession of and held by defendants as owners in good faith and under a just title.
 

 So far as the record discloses, there is no evidence of any assessment of the property in dispute prior to the year 187Í. Although Egle became the owner thereof on March 25, 1862, by reason of the delayed recordation of the deed in the records of the Parish of Lafourche, the public was not charged with notice of Egle’s purchase before July 2, 1935.
 

 According to the certificate of the Register of the State land office offered in evidence by the defendants, certificates of purchase were issued on February 25, 1862, to Villefred Dhue, Baptiste Egle, Martial Pitre, and six other persons, covering a number of lots of ground in Sections 3, 10, 11, -14, 23, 24 and 25 in Township 22 South, Range 22 East. The issuance of these certificates was followed by the issuance of patents to the holders thereof on March 25, 1862. These patents were numbered 11,095 to 11,103, inclusive, and em
 
 *912
 
 braced patent No. 11,101, which was issued to Baptiste Aigle (Egle). The patents covered a continuous strip of land running along both banks of Bayou Moreau from lands owned by Alex Courtade, in Sections 35 and 36, Township 21 South, Range 22 East, which were sold to P. A. Thibodaux on January 9, 1866, and the lands owned by the State of Louisiana, viz., Section 36, Township 22 South, Range 22 East, and Sections 30 and 31, Township 22 South, Range 23 East, the ownership of which passed from the State in the year 1901.
 

 The five lots of ground in Section 3 which were purchased by Villefred Dhue, are the most northerly of all the lots composing the strip of land and are situated at the head of Bayou Moreau south of the Courtade-Thibodaux lands. The four lots, which were purchased by Martial Pitre in Section 25, are the most southerly of all the lots composing the strip of land and are bounded on the south by lands formerly owned by the State of Louisiana. The lots of ground acquired by the other patentees, including the lots acquired by Baptiste Egle, are situated between the Dhue lots and the Pitre lots. According to the deed of the State Tax Collector, executed in favor of Maximillien Bernard on December 6, 1877, the property therein conveyed was assessed in the name of Dhue, Pitre and Company, which designated by name the most northern and the most southern owners of the land that was acquired by its various owners from the State of Louisiana on the same date.
 

 The record discloses that the tract of land, embracing something more than 940 acres, was first assessed to Dhue, Pitre and Company in 1871 and that it carried the same assessment through all the succeeding years to and including the year 1877, in which year the property was sold for delinquent taxes to Maximillien Bernard. From 1878 to the present time, the assessment of the tract of land has been carried in the name of Maximillien Bernard and his successors in title. It is not disputed that the lands, formerly owned by Baptiste Egle and the ownership of which is now claimed by plaintiffs, are actually included in the tract of land which the evidence shows in March 1862 was bounded as a whole on the south by lands owned by the State and on the north by lands owned by Alex Courtade, which lands were subsequently sold to P, A. Thibodaux. In fact the plaintiffs, after referring in their petition to the Egle lands by their governmental subdivisions, specifically allege that the defendants are now in the actual, physical possession of those lands to which they assert they have a valid title and for the possession of which they pray for judgment.
 

 Defendants contend that the State of Louisiana acquired the tract of land, containing 940 acres, more or less, whiqh embraces the Egle lands, by one or more forfeitures for the delinquent taxes of the years 1871 to 1876, inclusive, and that the tax collector’s deed, executed in favor of Maximillien Bernard on December 6, 1877, was predicated on the prior forfeiture or forfeitures of the lands covered by the tax sale.
 

 While plaintiffs argue against the validity of the tax sale on the ground that the prop
 
 *914
 
 erty was not assessed in the name of the true owner and on the further ground of the insufficient description of the property assessed, they do not argue against the validity of the alleged forfeitures. But it is clear that plaintiffs do not concede the validity of the forfeitures, because if they made the concession they would have no standing in court to contest the validity of the tax sale under which the property was acquired by Maximillien Bernard. It would be useless for the plaintiffs to contest the validity of the tax sale if they did not also contest the validity of the alleged forfeitures, and as they expressly contest the validity of the tax sale, their position obviously is that the State never had any title whatever to transfer to the defendants.
 

 The evidence relative to the alleged forfeitures shows that the taxes assessed for the years 1871 to 1875, inclusive, against the tract of land embracing the property claimed by plaintiffs were returned as delinquent by the state tax collector, and that the lists showing the unpaid taxes were timely filed in the office of the parish' recorder and in the office of the state auditor as provided by Act 42 of 1871. That statute provides for both the sale and the forfeiture of property for the nonpayment of the taxes assessed against it, the forfeiture to take place only when the sheriff and tax collector had exhausted all his efforts to collect the taxes. Section 68 of the legislative act provides that the title to the property shall be vested in the State from the date of the filing of the delinquent lists in the office of the state auditor, and further declares that the title so vested in the state shall be impeachable only on proof that the taxes, for the nonpayment whereof the lands were returned forfeited, had been in fact paid to the tax collector before the return of the lists to the parish recorder.
 

 As shown by the recitals of the deed of the state tax collector, of date December 6, 1877, the price bid for the property by Maximillien Bernard was amply sufficient to pay in full the delinquent state and parish taxes for the years 1871 to 1876, inclusive, together with all the costs and charges incidental thereto.
 

 Whatever title the State may have acquired through the forfeitures herein-above referred to passed to Maximillien Bernard, defendants’ ancestor in title, although not expressly mentioned in the deed of the State, as a vendor can not set up against his vendee any title which he had at the time of the sale. Wall v. Rabito, 138 La. 609, 70 So. 531.
 

 In the absence of proof that the taxes, for the nonpayment of which the tax sale of December 6, 1877, was made, had actually been paid to the state tax collector prior to his annual returns to the parish recorder of the verified lists of delinquent taxpayers, as provided in Section 68 of Act 42 of 1871, plaintiffs can not be heard to impeach the tax sale made to Maximillien Bernard.
 

 Act 185 of 1904, -section 1 provides: “That any person or corporation holding, or claiming immovable property under a deed made by a Sheriff, or a Tax Collector, or other State or parish officer, which has been on record for more than ten years, and is, or purports to be, founded on a forfeiture for taxes theretofore had or made, or
 
 *916
 
 conveys or purports to convey an interest or title in such property acquired or pretended to have been acquired by the State, under a tax forfeiture, whether any such forfeiture actually took place or not, shall after the expiration of three years from the passage of this act, be held and deemed to be the absolute owner of the property described in such deed, provided, they or their authors shall have paid, or do pay all taxes assessed against said property for such period of thirteen years; and no Court in this State shall thereafter entertain any suit to cancel or in any wise affect the title of any person or corporation claiming by, through or under such deed.”
 

 Defendants and their authors have met the requirements of this act in the matter of the payment of taxes on the lands involved in this suit. Causey v. Opelousas-St. Landry Securities Co., 192 La. 677, 188 So. 739.
 

 The Constitution of 1898, Art. 233, provides that: “No sale of property for taxes shall be set aside for any cause, except on proof of dual assessment, or of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted * * * within three years from the adoption of this Constitution, as to sales already made.”
 

 The Constitution of 1921, Art. 10, Sec. 11, before its amendment by Act 147 of 1932, with the exception of the words “of dual assessment, or of” read the same. Thus, “no sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted * * * within three years from the date of the recordation of the tax deed * *
 

 Applying the constitutional provisions to the description of the property contained in the deed executed by the state tax collector in favor of Maximillien Bernard, it would appear that the description reasonably identifies the property conveyed to Bernard. The record shows that the lands patented to Baptiste Egle, Villefred Dhue, Martial Pitre and other persons on March 25, 1862, were bounded on the whole below, or on the south, by lands owned by the State of Louisiana, and above, or on the north, by lands owned by Alexander Courtade, which lands were sold by Courtade to P. A. Thibodaux on January 9, 1866, and which stood in Thibodaux’s name in December 1877. Therefore, as the deed executed by the state tax collector on December 6, 1877, to Maximillien Bernard specifically transferred a tract of land lying to the left of Bayou Lafourche at about seventy miles below the Town of Thibodaux, bounded by the lands of Thibodaux (constituting the northern boundary) and by the lands of the State of Louisiana (constituting the southern boundary) the assessment in the name of Dhue, Pitre and Company as owners thereof, was, as found by the trial judge, understandable and the affected lands were easily locatable on the map of the ■ township. It is not disputed that the Egle lands, together with other assessable lands, did and do lie within the upper and lower boundaries expressly designated in the tax deed. Moreover, Maximillien Bernard identified the tract of land which he had purchased at tax sale and immediate
 
 *918
 
 ly took possession thereof as owner, and he and his successors in title have been in the undisturbed possession of the tract of land and paid the taxes as owners for more than sixty years.
 

 It is well settled that aside from the consideration of the description of the property itself being sufficient for its identification, the description serves as the beginning of proof which may be completed by evidence aliunde of possession or other relative facts. Schwartzenberg v. Schwartzenberg, 138 La. 294, 70 So. 230; Pierson v. Castell Land & Harbor Co., 159 La. 158, 105 So. 274.
 

 The plaintiff argues that the tax sale to Maximillien Bernard was invalid because it called for 940 acres, whereas the patents issued to Dhue, Pitre, Egle and other persons on March 25, 1862, covered 1312.22 acres. But a tax sale made under an assessment in which the description of the property intended to be assessed is erroneous, is not for that reason invalid if the description in the assessment is such that the property intended to be assessed can be reasonably identified. There are a number of cases in our jurisprudence in which the description contained in a tax sale was not more complete than the description of the property contained in the tax sale to Maximillien Bernard. Among these cases may be mentioned: In re Perrault’s Estate, 128 La. 453, 54 So. 539; Vannetta v. Busbey, 131 La. 681, 60 So. 76; Hollingsworth v. Poindexter, 156 La. 621, 100 So. 790; Gayle v. Slicer, 188 La. 940, 178 So. 498; Tillery v. Fuller, 190 La. 586, 182 So. 683.
 

 In Gayle v. Slicer [188 La. 940, 178 So. 500], this Court stated that “if a tax sale is made under an assessment in which the description of the property is so defective or imperfect that resort must be had to evidence outside of the assessment, in order to identify the property intended to be assessed, but if the property intended to be assessed can be identified by such outside evidence, the invalidity in the tax sale is cured by the prescription or peremption of 3 years,” citing Close v. Rowan, 171 La. 263, 130 So. 350, 352.
 

 In Close v. Rowan, this Court approved the interpretation placed on the Constitution of 1898 and 1913 in Pierson v. Castell Land & Harbor Co., 159 La. 158, 105 So. 274, as follows:
 

 “It is scarcely necessary to repeat what this court has so often taken occasion to announce, that since the Constitution of 1879 and the succeeding ones (referring to those of 1898 and 1913), where there has been an assessment of land and a tax sale is made which describes the land in such a manner that it can be reasonably identified, the peremption of three years provided for by the Constitution applies, and the tax title is not subject to attack thereafter, except on the two grounds stated (referring to prior payment and dual assessment), or where the tax debtor, tax delinquent, or owner has remained in possession of the property after the said tax sale.”
 

 None of the exceptions referred to are applicable to the assessment and tax sale in this case.
 

 It is to be observed that in both the assessment and in the deed, the boundaries of
 
 *920
 
 the land assessed and sold for taxes are expressly set forth.
 

 A sale, in which specific boundaries are given, conveys all the land comprised within the boundaries, whether the measurements be correctly stated in the deed or not. Civ.Code, Arts. 854,
 
 2495;
 
 and Passera v. City of New Orleans, 167 La. 199, 118 So. 887.
 

 Plaintiffs allege that defendants are in actual and physical possession of the lands claimed by them. Defendants aver that they acquired the lands by mesne conveyances from Maximillien Bernard, the purchaser at the tax sale on December 6, 1877, and that they and their ancestors in title have been in undisturbed possession of the lands since shortly after that date. Therefore, as between the parties there is no uncertainty as to the location and description of the property involved in this suit.
 

 The plaintiffs and their ancestors in title haVe stood by for years, silent and inactive, while Maximillien Bernard and his successors in title were in possession of all these lands under a tax title and mesne conveyance and have permitted them to exercise all the rights of ownership in the land. In Harrell v. Harrell, 174 La. 957, 142 So. 138, 140, this Court, citing a number of authorities, said: “It is well settled that: ‘The presumption “omnia rite” applies to tax sales after parties have slept on their rights for many years.’ ”
 

 In that case this Court also quoted approvingly from Griffing v. Taft, 151 La. 442, 91 So. 832, as follows: “Moreover, it is immaterial (for the purposes of prescription under article 233 of the Constitution of 1898) whether the assessment has been made in the name of one person, or another, or in no name, or whether the owner, not in possession, has been notified, or whether the sale has been advertised or has not been advertised.”
 

 In Tillery v. Fuller, supra, 190 La. at page 614, 182 So. at page 693, this Court announced the rule governing the constitutional prescription as follows: “But it is well settled that, under the provisions of article 233 of the Constitution of 1898 — retained in section 11 of article 10 of the Constitution of 1921 — a sale for taxes is not subject to annulment on the ground that the sale was made under an assessment to one who was not the owner of the property, unless the suit for annulment is brought within three years [now five years under Act 147 of 1932, amending the Constitution of 1921] from the date of the recording of the tax deed.” (Brackets ours.)
 

 Therefore, after the Constitutions of 1898 and 1921 had been in force three years, the tax sale to Maximillien Bernard was not subject to annulment on the ground that the person or persons in whose names the assessment was made had not a valid title to the property. Ashley Co. v. Bradford, 109 La. 641, 33 So. 634.
 

 The three-year constitutional prescription relied upon by defendants in possession of the property in dispute is well-founded and must be sustained.
 

 Under the conclusions we have reached in this case, it is not necessary to discuss
 
 *922
 
 the other, pleas of prescription filed by the defendants.
 

 For the reasons assigned, the judgment appealed from is affirmed.