HARDY, Judge.
This is a petitory action in which plaintiff seeks to be recognized and confirmed as the lawful owner of a tract of land containing 17 acres, more or less, situated in Avoyelles Parish, Louisiana. From judgment in favor of plaintiff defendant has appealed.
The tract of land which is involved in this litigation is a part of the NW of iNE^ of Section 7, Township 3 North, Range 4 East, in Avoyelles Parish, of which sectional subdivision this defendant was the one-time owner. By duly executed and recorded authentic acts of conveyance title to the tract of land here involved was vested in plaintiff. Since the interpretation of the description of the property is the crux of this case, we set forth the parties and the descriptions given in these several acts, as follows:
(1). By instrument dated January 10, 1940, Sam Laprairie sold to Charlie C. Dodge the following described tract:
Ten acres to be taken out of the Eastern portion of the Northwest Quarter of the Southeast Quarter (NW y± of SE14) of Section Seven (7), Township three North, Range Four East (T3N R4E),
Being a part of the same property acquired by Sam Laprairie from George Cox by deed recorded in Book A-81, at page 501, of the Records of the Parish of Avoyelles, Louisiana.
(2). By instrument dated March 10, 1949, Charles C. Dodge et al. sold to ■ Sam Laprairie the following described property:
A certain tract or parcel of land being situated in Avoyelles Parish, Louisiana and more particularly described as the East Half of East Half of Northwest Quarter of Southeast Quarter of Section 7, T3N, R4E and containing ten acres, and bounded north and west by Sam Laprairie, south by Mrs. Lydia Hayes and east by Avoyelles Trust and Savings Bank.
(3). By instrument dated October 31, 1949, Sam Laprairie sold to I. M. Cole the following described property:
A certain tract or parcel of land being situated in Avoyelles Parish, Louisiana, containing ten acres, more or less, lying in and forming a portion of the East half of Northwest Quarter. of Section 7, T3N, R4E, same being bounded on the north and west by vendor, south by Mrs. Lydia Hayes and east by Avoyelles Trust and Savings Bank.
*856 It being the intention of the parties herein that the tract herein sold is the identical tract and all of the acreage as contained within the present fence surrounding said tract, said fence haying been constructed by purchaser and vendor.
Being the same tract acquired by vendor from Charles C. Dodge et al. on March 10, 1949 as per deed recorded in Al. Book A-137 at page 35 records of Avoyelles Parish, La.
The ' vendor, Sam Laprairie does hereby reserve the right of passage of a sufficient width over and across the southern edge of the tract herein conveyed.
(4). By instrument dated October 23, 1954, Isaac M. Coie sold to Truitt C. Ryan, plaintiff herein, the following described property:
Tract No. 3: A certain tract or parcel of land together with the improvements thereon, containing seventeen (17) acres, more or less, situated in the First Ward of the Parish of Avoyelles, State of Louisiana, being all or a portion of the East One-Half of the Northwest Quarter of the Southeast Quarter of Section Seven, Township Three North, Range Four East (Ei/4 of NW>4 of SE}4 Sec. 7, T3N, R4E), North of Red River, and being bounded on the North and West by Sam Laprairie, on the South by Tract No. 2 hereinabove described, and on the East by the Avoyelles Bank & Trust Co. It being understood and agreed that this tract of land is limited to the area presently enclosed by fence and occupied by vendor. Being the same property acquired by vendor herein by deed recorded in Conveyance Book A-139, folio 353, of the Records of Avoyelles Parish, Louisiana.
In his petition in this suit plaintiff alleged that he was the owner of the tract of land containing 17 acres by virtue of the deed from Isaac M. Cole, which is the last hereinabove enumerated; that on or about the first day of January, 1955, the defendant, Sam -Laprairie, constructed a fence around the westernmost 7 acres of the above described tract of land, since which time said defendant claimed ownership thereof and refused to deliver possession to petitioner.
By answer defendant averred that plaintiff’s ownership was restricted to the ten acres of land which defendant had conveyed to Isaac M. Cole under the description as set forth in (3) above.
It is evident that this suit concerns the ownership of the West 7 acres of a 17 acre tract of land, and it is equally obvious that the resolution of the issue tendered depends upon an interpretation of the descriptive calls in the several deeds of conveyance involving the parties plaintiff and defendant.
The opposing contentions of the parties litigant are predicated upon the description set forth in the deed from this defendant, Sam Laprairie, to I. M. Cole, plaintiff’s vendor. Plaintiff relies upon that portion of the description which recites:
“It being the intention of the parties herein that the tract herein sold is the identical tract and all of the acreage as contained within the present fence surrounding said tract, said fence having been constructed by purchaser and vendor.”
The record in the instant case conclusively establishes the fact that the tract of land enclosed by the fence to which reference is made in the above described instrument contained some 17 acres, more or less, and it is the ownership of this acreage under the quoted description upon which plaintiff rests his case.
To the contrary defendant points out two other calls of the description in the same deed of conveyance as follows:
“A certain tract or parcel of land being situated in Avoyelles Parish, Louisiana, containing ten acres, more or less * *
*857 '‘Being the same tract acquired by vendor from Charles C. Dodge, et al. on March 10th, 1949 * * *.”
Reference to the conveyance from Charles C. Dodge, et al. to the defendant, Laprairie, as first above set forth in (2), discloses the description of the property as covering a tract or parcel of land containing ten acres.
Under the ambiguous and conflicting descriptive calls in the deed from Laprairie to Cole the position taken by each of the parties litigant in this suit is readily understandable and a resolution of the contest can only be made upon the basis of an ■examination and determination of the intention of the parties at the time.
We think the testimony of I. M. Cole and of the notary who prepared the instrument of conveyance from Laprairie to Cole is determinative of the issue. Cole, who can neither read nor write the English language, testified that he and Laprairie visited the office of the notary and requested him to draw the deed of conveyance. The notary ascertained the description from the records in the Parish Court House, prepared the deed according to such •description and read it to the parties. Thereupon Cole protested that the description as written in the deed meant nothing to him; that he intended to purchase the entire tract of land which was under fence ■and that he would not accept the deed unless the description was thus amended. The notary rewrote the deed and incorporated therein the descriptive call comprehending all acreage within the fenced boundary as embodying the intention of the parties. This testimony of Cole was •corroborated in every material respect by the testimony of the notary.
Unquestionably the sale from Laprairie to Cole constituted a sale per aversionem, which nature of conveyance has been many times interpreted by our courts as affecting and embracing the land within the boundaries fixed, whether the tract be more or less than the stated quantity; Carlisle v. Graves, La.App., 64 So.2d 456; Aucoin v. Marcel, La.App., 38 So.2d 81; Egle v. Constantin, 198 La. 899, 5 So.2d 281; Consolidated Companies, Inc., v. Haas Land Co., 179 La. 19, 153 So. 6; Passera v. City of New Orleans, 167 La. 199, 118 So. 887.
The jurisprudence on this point simply serves to implement and elaborate the provisions of Article 854 of the LSA-Civil Code which reads as follows:
“If any one sells or alienates a piece of land, from one fixed boundary to another fixed boundary, the purchaser takes all the land between such bounds, although it give him a greater quantity of land than is called for in his title, and though the surplus exceed the twentieth part of the quantity mentioned in his title.” (Emphasis supplied.)
Our jurisprudence has further established an order of precedence or rank controlling descriptive terms with reference to the conveyance of land and both quantity and distances must yield to the superior description as comprehended by boundaries specified, either natural or artificial ; Carlisle v. Graves, supra, Aucoin v. Marcel, supra; Dufrene v. Bernstein, 190 La. 66, 181 So. 859; Meyer v. Comegys, 147 La. 851, 86 So. 307.
It is quite true that the specifications of acreage is an evidence of intention but such evidence, as we have above pointed out, is the weakest of all the descriptive terms and therefore must yield to others; Carlisle v. Graves, supra; W. B. Thompson & Co. v. McNair, 199 La. 918, 7 So.2d 184.
Application of the legal principles above considered to the indisputably established facts of the instant case convincingly serves, to justify plaintiff’s position and his asserted right to title and possession of the property described.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost, and plaintiff is decreed to be the true and lawful owner and as such entitled to the possession of the easternmost seventeen *858 acres, more or less, of the NW^ of the SEj4 of Section 7, T3N, R4E, District North of Red River in Avoyelles Parish, Louisiana, the west boundary of said property being a line running north and south along the fence line of a fence that was constructed by defendant and which formed the west boundary of the said property at the time that defendant sold said property to Isaac M. Cole on October 31, 1949.