Plaintiff, a nonresident of the State of Louisiana, brought this action to recover from defendant, also a nonresident of the State of Louisiana, the sum of $500 on a guaranty executed by the defendant, and prayed for writs of attachment against property of the defendant within the jurisdiction of the Tenth District Court in and for Natchitoches Parish, Louisiana. Writs were issued and a 40-acre tract of land in Natchitoches Parish was seized thereunder, The only defense was the general denial filed by the curator ad hoc appointed to represent the absentee defendant.
A petition of intervention was filed by one John Barron who claimed to be the tax purchaser of the 40-acre tract under two tax sales. The respective sales were made in 1941 and 1942, the first for unpaid taxes for the year 1940, and the second for unpaid taxes for the year 1941, and at said sales Barron bid in 10 acres of the 40-acre tract at the first sale, and the remaining 30 acres at the second sale, and proper deeds were executed by the sheriff to Barron in evidence thereof.
During the course of this litigation plaintiff died and his heirs were substituted as parties plaintiff.
The district Court awarded judgment for plaintiff as prayed for, sustained the writ of attachment, and dismissed the demands of intervenor, from which judgment the intervenor appealed, and when the matter first came before this Court it was remanded for the purpose of completing the record in accordance with the opinion rendered therein. 19 So.2d 104. The record was again returned to this Court on appeal, and on showing of the loss or destruction of the documents in connection with the matter upon which the case had first been remanded, this Court granted the application of plaintiff-appellee to remand for retrial. 18 So.2d 864. Again an appeal was prosecuted to this Court, and again the case was remanded due to the fact that there was no proper judgment, *Page 781 
after the rehearing in the lower Court, which might serve as a basis for the appeal. 21 So.2d 71.
Now, for the fourth time, the case is before us on appeal by Barron, the intervenor, whose claims were dismissed by the lower Court on the ground of lack of interest. Intervenor contends that the writs of attachment and the seizure thereunder were null and of no effect inasmuch as title to the 40-acre tract, by reason of the tax sales mentioned, was vested in intervenor and not in defendant at the time of issuance and execution of the writs. It is not necessary to discuss or determine this issue for the reasons hereinafter set forth.
[1] The facts show that the redemption of the tax sales was effected, by payment of the amounts necessary therefor, by plaintiff, LaFrenz, into the hands of the Sheriff and Tax Collector. Redemption deeds to the 10 and 30 acre tracts, comprising the 40-acre tract attached by plaintiff, were executed by the Sheriff and Tax Collector of Natchitoches Parish on the 9th day of February, 1943, and duly filed and recorded in the conveyance records of Natchitoches Parish. Regardless of any right which intervenor originally might have asserted, it is evident that his rights ceased upon payment into the hands of the sheriff of the sums necessary to redeem.
[2] It is asserted in brief of plaintiff's counsel that the redemption monies were actually paid over by the Sheriff to intervenor, through his counsel, but since this matter does not appear in the record it may not be considered by this Court, and, further, the point is immaterial since the payment of the redemption monies into the hands of the sheriff for the credit of the purchaser at tax sale was sufficient.
There can be no question as to the correctness of the judgment appealed from since the intervenor lost any right or claim which he might have had prior to the final judgment now at issue by reason of this appeal.
[3] Motion to dismiss, coupled with a claim for damages for frivolous appeal, has been filed in this Court by counsel for plaintiff-appellee. Lack of interest in the intervenor is the ground alleged in support of the motion to dismiss. Since this point is concerned with the merits of the case, it is not ground for a dismissal of the appeal.
[4] This Court cannot take cognizance of a claim for damages on the ground of frivolity presented in a motion to dismiss. A wealth of authorities, as established by the jurisprudence of out State, has fixed the principle that a demand for damages for the taking of a frivolous appeal cannot be made on motion to dismiss the appeal, but can only be requested in an answer to the appeal under the provisions of Articles 887 and 907 of the Code of Practice. Succession of Pavelka, 161 La. 728,109 So. 403.
For the reasons assigned, the judgment appealed from is affirmed, all costs of all appeals to be borne by intervenor-appellant.
KENNON, J., takes no part.
 On Rehearing.