DORE, Judge.
This is a suit involving the title to the Southwest Quarter (SW^) of Northeast Quarter (NE^) of Section Six (6), Township 1, South, Range 11, West, of Vernon Parish, Louisiana. The facts involved are well established and are as follows:
The above described property was acquired by Joseph Smudriclc by Patent from the United States Government, dated February 25, 1900. Between that date and October 29, 1919, several other transfers of the property were made, and finally, on October 29, 1919, the property was again deeded to Joseph Smudrick, and the title remained in him until June 21, 1930, when he deeded the property to Mrs. R. L. Little, nee Virgie Mathis. It is shown that by some unexplained error the above described property was placed on the tax rolls of Vernon Parish for the year 1927 in the *378 name 'of Anacoco Lumber Company, although Anacoco Lumber Company had never owned the said property. In 1927, because of failure to pay taxes, the property was adjudicated to the State of Louisiana, and in 1928, within six months from the date of the tax adjudication, the taxes were paid by the said Joseph Smudrick to the Sheriff and Ex-Officio Tax Collector of Vernon Parish. There is no showing as to whether or not interest and penalties were included in the payment to the tax collector.
On September 14, 1948, Lewis M. Smith effected a homestead entry on the land in question. Thereafter, on September 29 and again on October 18, 1948, counsel for plaintiffs herein wrote to Mr. Smith, outlining the historj'- of the title to this property and inquiring whether or not he was willing to authorize the cancellation of his homestead application in order that it would not be necessary to obtain a court order directing that the entry be cancelled. The request was never granted, and consequently, the plaintiffs filed this suit on January 7, 1949, naming the said Lewis M. Smith the entryman, W. C. Turner as Sheriff and Ex-Officio Tax Collector, and Mrs. Lucille May Grace as Register of the State Land Office, as defendants in the suit, alleging that the tax adjudication in view of the facts set forth was null and void, and praying for judgment against the said defendants, cancelling and erasing the forfeiture of the property to the State of Louisiana in the name of Anacoco Lumber Company for unpaid taxes for the year 1927, and praying further for judgment against defendant Lucille May Grace as Register, authorizing and directing the said defendant to cancel the homestead entry in the name of Lewis M. Smith, and praying further for judgment in favor of petitioners and against defendant Lewis M. Smith, recognizing petitioners to be the owners of the said property and granting them the possession thereof.
Lucille May Grace, the Register of the State Laud Office, through the Attorney-General of the State of Louisiana, filed an swer in which it was admitted that an entry was granted to Lewis M. Smith as alleged, but further answering:
“That the Register of the State Land Office is not a necessary party in a suit to cancel a tax adjudication, showing on the contrary that under the provisions of Act 73 of 1914, the sheriff and tax collector is the only necessary and proper party in such a suit; that there is no authority in law by which this court can order respondent to deliver a cancellation certificate of an illegal tax adjudication, the determination of the right to such cancellation being within her discretion; that, furthermore, she is not authorized by law to withdraw and cancel the homestead application after the same has been allowed.
“That in the alternative, the plaintiffs .herein have no standing in court because of the failure of the plaintiffs to comply with the requirements of Act 113 of the Legislature of 1938.”
Defendant Smith filed answer denying the material allegations of the petition, and in further answer, setting forth the following:
“Respondent further alleges that the irregularities accompanying the sale were, at most informalities; that any such defects were cured by 2 years’ prescription under the provisions of Article 123.113 of the Code of Practice.
“That respondent has detrimentally relied upon the tax sale of 1927; that plaintiff is estopped from now contesting the-validity thereof.
“Respondent further shows that there-was never a redemption of the property in question, that, although it is admitted that Joe Smudrick paid taxes of 1927 in 1928' after the adjudication to the state had been made, this did not operate as a redemption; that a payment of a debt is not the same thing as the redemption of land sold to satisfy the debt.
“That your respondent was granted permission to effect homestead entry No. 2099 on the property in dispute under Act 235 of 1938; that the provisions of Sec. 2 of said act imply that redemption will not be allowed subsequent to homestead entry.
“That there was never a payment made-prior by the time of adjudication; that in order to show a redemption of property erroneously adjudicated, it is necessary to *379 show a receipt from collector bearing date prior to adjudication.
“That the only defect or informality, if any, concerning the tax adjudication was that the property was assessed in the wrong name.”
Defendant Smith filed' a further answer in which he claimed that on December 15, 1948, upon receiving permission from the Register, he proceeded to cut timber on the land in question and worked for a period of some 23 days clearing the fields, removing debris and establishing works; that as a result of his efforts, he enhanced the value of the soil at least $200.00. He sets forth further that the expense of making liis homestead entry was $10.18; and that assuming the position of plaintiff in re-•convention in the event that he should be evicted from the property and plaintiff declared owner, plaintiff would be indebted -unto him as plaintiff in reconvention to the extent of at least $10.18.
The Sheriff and Ex-Officio Tax Collector filed no answer or pleading, and a default was duly entered against him.
After hearing the case, the trial judge, without assigning written reasons, granted judgment in favor of the plaintiffs, confirming the preliminary default against the defendant Sheriff and Ex-Officio Tax Collector, and decreeing that there be judgment in favor of the plaintiffs and against all the defendants, declaring the tax adjudication in question to be null and void, and cancelling and erasing the forfeiture to the State of Louisiana of the said above described property. The judgment further orders Lucille May Grace, Register, to cancel the homestead entry covering the said described property, and it further recognizes the plaintiffs as owners of the property and as such entitled to the possession thereof.
From this judgment the defendant Lewis M. Smith has appealed. The defendant Lucille May Grace, Register, and the defendant Sheriff and Ex-Officio Tax Collector did not appeal or answer the appeal, nor made any appearance in this Court.
A review of the evidence shows that the title of plaintiffs is well established in that they received a deed to the property from the rightful owner, Smudrick, dated June 28, 193,7. It is also clearly shown that the property was adjudicated to the State of Louisiana for unpaid taxes in 1927, at which time the property was erroneously assessed to the Anacoco Lumber Company, which company had never owned the land in question. It is further clearly shown as set forth hereinabove, that a homestead entry was granted to Smith on September 14, 1948, and that shortly thereafter, Smith was notified by plaintiffs of their title and was requested to effect a cancellation of his homestead entry, to no avail. It is shown that upon securing permission from the Register, Smith, with the assistance of another man, cut pulpwood timber on about eight acres of the land in question; that he and his assistant were paid direct by the purchaser of the pulpwood for the cutting and for the wood itself. Under the permission received,' the income derived from the sale of the pulpwood was supposed to have been invested in improving the land, but apparently the funds derived therefrom were kept by Smith. In any event, it is shown that some eight acres were cleared and that about half of the brush thereon was piled and ready to burn and that the stumps left, according to the testimony, would rot in about one year, and that this land would thereupon be in condition for farming purposes. Towards the end of the trial, upon seeing that defendant Smith could not explain what happened to the funds derived from the pulpwood, his attorney announced to the Court that the re-conventional demand for $200.00 was abandoned, but that the reconventional demand of $10.18 for the cost of the entry was still being insisted upon. It is also clearly shown that the taxes for 1927 were paid in 1928 within six months by the owner •of the property and apparently were paid thereafter'for the subsequent years.
It is the contention of the plaintiffs that the payment of the taxes within the period of redemption amounted to a redemption. It is further contended that' since the .Sheriff, ánd ,Ex-Offic.io Tax Collector and Lucille May’ Grace, Register of the State Land Office of the S'-ate of Louisiana, have *380 failed to appeal, they must be considered as co-appellees. With reference to their second contention, counsel cites the case of Reid v. Monticello, La.App., 33 So.2d 760, 762, in which Judge LeBlanc was the organ of the court and said: “ ‘In matters concerning the right of appeal in cases where there are co-appellees, it is a well settled proposition in our jurisprudence that the appellate court is powerless to revise, recast or amend the judgment appealed from, in so far as the co-appellees aire concerned. Standard Oil Co. of New Jersey v. Perkins et al., La.App., 29 So.2d 502, Maheu v. Employers Liability Assurance Corp., Ltd., et als., La.App., 25 So.2d 363, Thalheim v. Suhren et als., 18 La.App. 46, 137 So. 874, Corbitt et als. v. Hanson et al., 124 La. 108, 49 So. 995.’ ” (Italics ours.)
With reference to the first contention, among other citations set forth by plaintiffs, is the case of La Frenz v. La Baw, La.App., 23 So.2d 780, 781, wherein the court said:
“ ‘The facts show that the redemption of the tax sales was effected, by payment of the amounts necessary therefor, by. plaintiff, La Frenz, into the hands of the Sheriff and Tax Collector, Redemption deeds to the 10 and 30 acre tracts, comprising the 40-acre tract attached by plaintiff, were executed by the Sheriff and Tax Collector of Natchitoches Parish on the 9th day of February, 1943, and duly filed and recorded in the conveyance records of Natchitoches Parish. Regardless of any right which in-tervenor originally might have asserted, it is evident that his rights ceased upon payment into the hands of the sheriff of the sums necessary to redeem.
“It is asserted in brief of plaintiff’s counsel that the redemption monies were actually paid over by the Sheriff to intervenor, through his counsel, but .since this matter does not appear in the record it may not be considered by this Court, and, further, the point is immaterial since the payment of the redemption monies into the hands of the sheriff for the credit of the purchaser at tax sale was sufficient.’ ” (Italics ours.)
We agree with counsel for plaintiff that there is a serious question as to whether or not any relief can be given to defendant Smith by this court in view of the fact that the real party in interest, to-wit, the Sheriff and Ex-Officio Tax Collector, has not appealed and is not before this court. In any event, the main contention of defendant is that since there was no redemption certificate issued by the Sheriff and Ex-Officio Tax Collector subsequent to the adjudication to the State of Louisiana, title to the property remained in the State of Louisiana subsequent to adjudication and could not be attacked after three years because of irregularity thereof; that the prescription of three years applies. We agree with the contention of plaintiff that the payment of the taxes, which must be presumed to have included all interests and costs and penalties due, amounted to a redemption of the property and that the issuance of a redemption certificate by the Sheriff was merely a ministerial act neglected by him.
Moreover, on the question of prescription, it is shown that subsequent to the adjudication, the owner of the property, Smudrick, remained in continuous possession of said property as owner, and later as caretaker for the petitioners herein, after he sold the property to them. This possession amounted to a continual exercise of ownership and therefore, the three-year prescription would not apply.
In so far as the reconventional demand is concerned, we feel that the plaintiffs are not responsible for any expenditures made by defendant Smith, and that on quantum meruit, there is no showing that the property was benefitted as alleged, and as a matter of fact, it appears that whatever acts Smith performed on the property were done in direct conflict to the expressed desires of the plaintiffs. We find no merit to the reconventional demand.
For the reasons set forth herein, the judgment appealed from is affirmed.
J. CLEVELAND FRUGE, J., sitting ad hoc.