ELLIS, Judge.
Plaintiffs, as the heirs and legal representatives of the late Malcolm B. Wright, Sr., have filed a petitory action asking that they be declared the owners of the W/2 of NE/4 of Sec. 11T5SR8E, Tangipa-hoa Parish, Louisiana. Coupled with the main demand is also a request to cancel a homestead entry made by Osber Cyprian of the property in question and to cancel and' annul a tax sale for the taxes of 1928 made in the name of T. A. Warner of the same-property, for the reason that said property was also assessed to the First State Bank and Trust Company and all taxes levied against same were duly paid on May 4, 1929,, which was prior to the attempted offering and sale of said property for non-payment of 1928 taxes under the assessment in the name of T. A. Warner, as the deed under said sale is dated August 31, 1929. As the Register of the State Land Office and the Sheriff of Tangipahoa Parish were necessary parties, plaintiff joined them as defendants.
The basis of plaintiffs’ claim was a tax sale made by the Sheriff of the Parish of Tangipahoa of the property in question for the non-payment of 1926 taxes by act dated August 2, 1927. The property was assessed and sold in the name of E. Davis. Malcolm B. Wright, Sr., acquired the property from the Succession of Thomas A. Warner at Sheriff’s Sale by act dated December 2„ 1943.
*884 A temporary restraining order was issued by agreement of counsel in which the then Register of the State Land Office was enjoined from proceeding further with the homestead entry of the defendant Cyprian. Thereafter, preliminary writ of injunction issued upon the plaintiff furnishing bond in the sum of $500. It appears that Cyprian employed his present counsel who, on November 21, 1955, filed a motion alleging that the tax sale to T. A. Warner for the 1926 taxes sold in the name of E. Davis is null, void and of no effect in that E. Davis was never the owner of the property but had only acquired a contract to purchase from the Loranger Community, and, secondly, that the taxes for the year 1926 had been paid prior to the date of the tax sale under assessments in the name of First State Bank & Trust Company and Loranger Community. Counsel then prayed for a rule to issue in order that the plaintiffs might show cause why the writ of injunction should not be dissolved and set aside and plaintiffs condemned to pay $300 attorneys fees for the dissolution of the injunction. By way of answer to this rule, counsel for plaintiffs plead the peremptive period of five years as set forth in Article 10, Section 11 of the Constitution of the State of Louisiana-LSA as a bar against any attack upon the validity of the tax sale on the ground that E. Davis was not the owner thereof, and as to the second ground of prior payment of taxes this allegation was denied. The minutes fail to reveal that the lower court passed upon the motion to dissolve and thereafter counsel for defendant Cyprian, with full reservation of all rights under the motion to dismiss, filed exception of no cause of action and no right of action based upon one of the same grounds set forth in the motion to dissolve, viz., prior payment of the taxes by the First State Bank and Trust Company. Both of these exceptions were referred to the merits by the District Court. Answer was filed reurging the defense of erroneous assessment in the name of E. Davis and prior payment of taxes by the First State Bank and Trust Company. Defendant further set forth that Cyprian had entered into an agreement to purchase about the year 1923 and that he had remained in possession of the property since.
Plaintiffs reiterated the prescriptive or peremptive plea of five years under Article 10, Section 11 of the Constitution of the State of Louisiana.
The case was duly tried and judgment rendered in favor of the plaintiffs, recognizing them as the owners of the property and restraining and enjoining Cyprian and the Register of the State Land Office from proceeding toward the completion or processing of the application for homestead and the granting of any final certificate or patent covering the property. The District Court further annulled and can-celled the tax adjudication made to the State of Louisiana in the name of T. A. Warner for nonpayment of 1928 taxes.
From this judgment the defendant Cyprian has appealed.
Whereas plaintiffs have given practically a complete abstract of the ownership of the property in question, it is sufficient to state that the Genessee Lumber Company on Nov. 21, 1917, sold the property to Loranger Community, Inc., and that on the 30th day of June, 1922, the Loranger Community, Inc., through its vice president and secretary mortgaged the property in question, together with other property, to First State Bank and Trust Company of Hammond, La. Thereafter on May 19, 1923, the Lor-anger Community, Inc., entered into an agreement to sell the property to E. Davis and in this agreement E. Davis was chargeable with the payment of taxes, and it is presumably for this reason that the assessor, taking the instrument for a sale, assessed the property to E. Davis for the year 1926. However, on the 17th day of September, 1925, foreclosure proceedings were entered on the mortgage by First State Bank and Trust Company against the Lor-anger Community, Inc., and the property *885 was duly sold at Sheriff’s Sale and bought by the First State Bank and Trust Company, on December 26, 1925 and was, accordingly, assessed to First State Bank and Trust Company for the year 1926. Thus, we have a dual assessment on the property in the name of E. Davis, who only had an agreement to purchase, and in the name of the record owner, First State Bank and Trust Company.
Opposite the assessment in the name of First State Bank and Trust Company on the record is marked the word “Paid”, however, the specific date of the payment is not shown by the record and could not be shown by positive testimony as the officials who handled the transaction were not living, and possibly would not remember the exact date. It is, therefore, contended that Cyprian has failed to show the payment of taxes prior to the sale in the name of E. Davis, and it is on this basis that the District Court gave judgment in favor of the plaintiffs.
It is a well recognized doctrine that the plea of peremption based upon Section 11 of Article 10 of the Constitution of Louisiana of 1921 as amended applies to all tax sales except those specifically excepted therein and those where the tax debtor remains in corporeal possession of the premises. In other words, the burden of proof in this case is upon Cyprian to show payment of the taxes for which the property was sold prior to the date of the sale and that the tax debtor had remained in corporeal possession of the property as a continual protest against the tax sale which would open the door for an attack upon the first ground that the property was improperly assessed in the name of E. Davis. See King v. Moresi, 223 La. 54, 64 So.2d 841; Stevens v. Johnson, La.App., 81 So.2d 464; Yuges Realty Ltd. v. Jefferson Parish Developers, 205 La. 1033, 18 So.2d 607; Egle v. Constantin, 198 La. 899, 5 So.2d 281; Magnolia Petroleum Company v. Marks, 225 La. 805, 74 So.2d 36.
Counsel for plaintiffs in answer to the contention that sufficient proof was not introduced by the defendant to show prior payment of the taxes, argues that the official stamp on the assessment in the name of First State Bank and Trust Company for the year 1926 marked “Paid” fully satisfies the requirements of the law when considered in the light of the fact that there was absolutely no sale for unpaid taxes for the year 1926 ever made in the name of First State Bank and Trust Company. Had the taxes not been paid prior to the date of the sale, viz., August 2, 1927, in the name of E. Davis to T. A. Warner, there would also have been held on the same day a sale of this same property for the unpaid taxes due by First State Bank and Trust Company according to its assessment. Counsel for plaintiffs in his brief correctly states the law when he says: “ * * * the further general presumption that the officers of the State properly carry out their duties.”
The same presumption applies in the case at bar and we have no doubt but that the sheriff would have sold this property in the name of First State Bank and Trust Company for the. taxes of 1926 had they never been paid prior to the date of the same tax sale at which the property was sold in the name of E. Davis. We believe this proof is sufficient to show a prior payment of the taxes in this case. If we are incorrect in this conclusion it would offer no relief to the plaintiffs for this court in the case of Little v. Smith, La.App., 44 So.2d 377, held under facts practically on all fores with the present case, except that it was clearly shown in the cited case that the taxes for the year 1927, being the year for which the property was adjudicated to the State of Louisiana, were paid within six months from the date of the tax adjudication to the State to the Sheriff and Ex Officio Tax Collector of Vernon Parish, and were to be considered as a redemption of the property even though the Sheriff neglected to perform his ministerial duty by the issuance of a redemption certificate. Cited in the Little case, supra, as a basis for the decision is the case of La Frenz v. La Baw, La.App., 23 So.2d 780. *886 In the Little case the property was erroneously assessed to the Anacoco Lumber Company, which never owned the land in question, and was sold under this erroneous assessment to the State of Louisiana in 1948. Homestead entry was granted to defendant Smith. The suit by Little was to cancel the tax sale and the homestead entry and to have the plaintiff recognized as the owner of the property. This court affirmed the judgment of the lower court annulling the tax sale and the homestead entry and recognizing the plaintiff as the owner of the property for two reasons, viz., that the payment of taxes subsequent to the tax sale to the State of Louisiana and within the redemptive period amounted to redemption and the negligence of the sheriff in failing to issue a redemption certificate was immaterial, and there was a presumption that the sheriff collected all monies due necessary to redeem the property. Another reason given by the Court of Appeal for its affirmation of the judgment was that the owner of the property remained in continuous possession as owner and “later as caretaker” for the petitioners herein after he sold the property to them. This possession amounted to a continual exercise of ownership and, therefore, the three year prescription would not apply.
Applying the principles enunciated in the cited case to the case at bar, while we believe that the proof is sufficient to show a payment of taxes previous to the tax sale, if it is taken as a subsequent payment of taxes, it would have been within the redemptive period as the receipt of payment of the taxes for 1926 was stamped upon that assessment roll, and the next year it was undisputed that the First State Bank and Trust Company paid the taxes, in fact, plaintiffs have introduced the assessment rolls showing payment by the First State Bank and Trust Company on May 4, 1928, which is introduced for the purpose of annulling the tax sale in the name of T. A. Warner for the taxes of 1927 to the State of Louisiana, and it was under and by virtue of this tax sale that the state granted a homestead entry to defendant Cyprian. Therefore, if the proof were not sufficient to show previous payment of taxes, it would be valid as a redemption.
While it is not necessary to decide the question of whether or not there was continuous possession on the part of the tax debtor, First State Bank and Trust Co., through the defendant Cyprian, the testimony is undisputed that Cyprian went on this property prior to its acquisition by First State Bank and Trust Company and immediately after its acquisition by First State Bank and Trust Company in 1925 there is no doubt but that First State Bank and Trust Co. continued to allow him to remain on the property, either as their tenant at will and more likely under an arrangement of agreement to purchase, the property from them. There was a house on the property, part of the land was fenced and Cyprian cultivated this land and exercised open corporeal possession over the entire 80 acres and was still doing so on the date the suit was filed. The First State Bank and Trust Company went into liquidation and is out of existence and when they ceased trying to collect from Cyprian is not shown in the record. (Whether Cyprian could plead his possession which was held by the First State Bank and Trust Company, the actual owner and tax debtor, so as to toll the prescriptive period and allow proof of nullity of the tax sale in the name of E. Davis on grounds other than previous payment of taxes is an interesting question, yet we are not required nor is it necessary to answer same.)
For the above and foregoing reasons we believe that there was a previous payment of taxes by the First State Bank and Trust Company prior to the tax sale to Warner in the name of E. Davis, and secondly, that were this not true plaintiffs’ demands would still have to be denied under the authority of Little v. Smith, supra, in that the subsequent payment within the period for redemption allowed by law amounted to redemption.
*887 It is therefore ordered that the judgment of the District Court be reversed and that there now be judgment dismissing plaintiffs’ suit at their cost.