103 So.2d 72

**Jewel Joseph LANGLOIS**

v.

**The CONTINENTAL INSURANCE COMPANY et al.**

*No. 43787.*

May 26, 1958.

Joseph A. Gladney, Baton Rouge, for plaintiff-appellant-applicant.

Maurice J. Wilson of Breazeale, Sachse, Wilson & Hebert, Baton Rouge, for defendants-appellees-respondents.

FOURNET, Chief Justice.

We granted a writ of certiorari in this case to review the decision of the Court of Appeal for the First Circuit [1] affirming a judgment of the lower court, [2] following a jury trial, [3] dismissing plaintiff's suit to recover damages for an injury allegedly sustained by him in an intersectional collision between the car belonging to Alton J. Myers, in which he was riding as a pas-

---

1. See, Langlois v. Continental Insurance Company, La.App., 96 So.2d 877.
2. Inasmuch as the suit had been filed in forma pauperis, the judgment of the lower court casting the plaintiff with costs was amended in this respect.

3. The vote was eleven to one in favor of the defendants and the trial judge refused to grant a new trial.

senger, and the car owned and operated by Trudeau J. Hogue, who, with his insurer, The Continental Insurance Company, was joined as defendant.

The findings of the Court of Appeal, which the record reflects are substantially correct, disclose that Hogue, travelling north on Pembroke Avenue, a gravelled street in Baton Rouge, Louisiana, slowed from 20-25 miles an hour to 18 miles preparatory to entering the intersection that was devoid of traffic signs or directions, while Myers, travelling east on blacktopped 70th Avenue at approximately this same rate of speed, made no effort to slacken his car until application of his brakes some 10 to 15 feet from the point of impact, at which point, for the first time, each motorist became aware of the other. The Myers car was struck on the right front fender and side by the left front part of the Hogue automobile, which was turned around in a 180 degree angle but moved no further north than the point of impact. The Myers car, on the other hand, continued east some 15 to 20 feet and came to rest in the ditch on the north side of 70th Avenue.

In his petition the plaintiff claims the injuries allegedly suffered by him—pain over the lumbosacral and sacroiliac joints with a low torsion type back sprain present, sprain and spasm of the paravertebral muscles, with resulting back disability of approximately ten per cent—were caused solely by the negligence of Hogue in exceeding the speed limit while crossing an intersection, failing to maintain a proper lookout at all times and particularly in failing to look to the left and observe the Myers car approaching from that direction, and failing to keep his car under the control necessary to prevent the collision.

In its opinion the Court of Appeal points out that the defendants did not contend, in oral or written argument, that the plaintiff, as a passenger, was guilty of any contributory negligence, or that Hogue was not guilty of negligence. The only issue presented for decision in the appellate court under the findings of the jury and the judgment of the lower court in furtherance thereof was whether the plaintiff had suffered any injury as the result of the accident that would entitle him to damages.

After a complete and painstaking review and analysis of all of the medical testimony, the Court of Appeal found, unequivocally, that the jury verdict on this issue would be manifestly erroneous "If we only had the medical testimony." However, considering additionally the employment record of the plaintiff and his testimony on cross-examination in connection therewith, which, the court states, was unknown to the doctors examining the plaintiff and a knowledge of which would, probably, "have changed their opinion" as to his complaints, the court concluded

"the plaintiff did not suffer any disabling injury so as to entitle him to damages."

While we feel the Court of Appeal was justified in its observations with reference to the questionable conduct of the plaintiff following the accident, and particularly his work record,[4] this would not deprive him of his right to recover for the injuries he established by the medical testimony he suffered in the accident. The fact that the injury was not particularly disabling addresses itself to the quantum to be awarded,[5] and, following the jurisprudence of this court,[6] we will remand the case so that the Court of Appeal may fix that amount.

For the reasons assigned, the judgment of the Court of Appeal for the First Circuit, and the judgment of the Nineteenth Judicial District Court in and for the Parish of East Baton Rouge, are annulled and set aside, and it is now ordered, adjudged, and decreed that there be judgment in favor of the plaintiff, Jewel Joseph Langlois, and against the defendants, The Continental Insurance Company and Trudeau J. Hogue, in solido, the amount of which is to be fixed by the Court of Appeal for the First Circuit, and, to that end, the case is remanded to the appellate court. All costs are to be paid by the respondent-defendants.

TATE, J., recused.

4. With respect to the work record, the opinion of the appellate court states that "the record shows that he (plaintiff) went right back to the same kind of work or harder work and that while he referred to the periods between his work as 'resting up,' * * * his work record subsequent to the injury compares favorably to his work record prior to the alleged injury."

5. In the district court the plaintiff sought to recover damages totalling $89,845.45. This claim was reduced to $4,944.05 in the appellate court, although in his application for this writ he seeks a judgment of $6,757.05.

6. White v. State Farm Mut. Auto. Ins. Co., 222 La. 994, 64 So.2d 245, 42 A.L.R. 2d 338; Herget v. Saucier, 223 La. 938, 67 So.2d 543; Ducuy v. Falgoust, 228 La. 533, 83 So.2d 118, on rehearing.