ELLIS, Judge.
The plaintiff in this suit is a guest passenger who is seeking damages for personal injuries, loss of wages and medical expenses. He suffered his injuries in an in-tersectional collision between two automobiles. The suit was brought against the insurer and the driver of the vehicle that collided with the automobile in which the plaintiff was a passenger.
*493 There was a jury trial in the lower court, which refused to grant a new trial after plaintiff’s suit was dismissed. The Court of Appeal, First Circuit, affirmed the judgment of the lower court (see Langlois v. Continental Insurance Co., La.App., 96 So.2d 877). The Supreme Court granted a Writ of Certiorari and annulled the judgments of the Court of Appeal and the lower court, ordering judgment in favor of the plaintiff and against the defendants, remanding the cause to the Court of Appeal for the First Circuit to fix the amount of damages. See 235 La. 153, 103 So.2d 72.
Since the question of liability has been passed upon by the Supreme Court, the only issue before us is the matter of a proper and adequate award to cover damages suffered by the plaintiff.
The medical testimony is thoroughly reviewed in Langlois v. Continental Insurance Co., La.App., 96 So.2d 877. While we found therein no manifest error in the verdict of the jury and trial court that the plaintiff had suffered no injury as the result of the accident that would entitle him to damages, under the mandate of the Supreme Court which, in effect, found manifest error, we must now fix any damages, taking into consideration, however, the conclusion of the Supreme Court (Langlois v. Continental Insurance Co., 235 La. 153, 103 So.2d 72) that the injury was not particularly disabling. Also the view of the Supreme Court’s decision that we were justified in our observations with reference to the work record of the plaintiff when we concluded that [96 So.2d 882] “the record shows that he (plaintiff) went right back to the same kind of work or harder work and while he referred to the periods between his work as ‘resting up’ * * * his work record subsequent to the injury compares favorably to his work record prior to the alleged injury”, must be considered in fixing the quantum herein.
A careful consideration of the whole record concerning the medical testimony and a re-reading of our opinion when first this cause was before us (Langlois v. Continental Insurance Company, supra) leads us to the conclusion that $1,000 would be an adequate award for the pain and suffering of the plaintiff herein.
In Land v. Colletti, 79 So.2d 641, wq affirmed, without increase an award of $1,000 for pain, suffering and discomfort of a plaintiff for lacerations of an ear, hands, and pain in the chest, shoulders and neck, requiring hospitalization for two days, two weeks rest at home, and approximately six weeks during which medical treatment, including diathermy, was received. The plaintiff in this case continued to suffer chest pains upon his return to work six weeks later.
In Hubble v. Bourg, 68 So.2d 639, we affirmed damages awarded the plaintiff in the amount of $1,000 where she suffered surgical shock and fracture of the right ilium. The medical testimony showed the plaintiff suffered severe pain for a period of two weeks and some pain for another month thereafter.
The Orleans Court of Appeal in Jacobs v. Landry, 82 So.2d 481, awarded $1,000 to a plaintiff who sustained back injuries requiring extensive treatment and pain for several months.
In the present case the record reveals that the plaintiff went to work as a tree surgeon, commencing August 8, 1955, which was some six weeks after the accident, which happened on June 23, 1955. Thus, if the plaintiff was disabled, it could have been only for this period, and consequently we again state we believe an award of $1,000 to be adequate to cover his pain and suffering.
The plaintiff is also seeking here damages for loss of earnings. If we conclude that the plaintiff was disabled for this period of six weeks we must also conclude he suffered loss of earnings for the same period. There seems to be no dispute that plaintiff earned $1.30 per hour, and usually worked 40 hours per week or a weekly *494 earning of $52 per week. This being true we deem an award of $312, or six weeks at $52 per week, adequate.
The other special damages of plaintiff were detailed as follows:
Dr. Campanello's fee for treatment $90.00
Snell's for brace 19.05
Dr. Moody’s fee for treatment 65.00
Dr. Malen's fee for x-rays 35.00
Medicines and drugs 10.00
Total $ 219.05
As these damages were proven we now award plaintiff $219.05 covering them.
We have been asked by plaintiff to award a fee of $75 for the expert testimony of Dr. Moody to be taxed as costs in this suit. The record shows this physician to have been in Court practically two days and we believe this fee reasonable and will render judgment accordingly.
For the reasons assigned we now render judgment in favor of the plaintiff, Jewel Joseph Langlois, and against the defendants, The Continental Insurance Company, and Trudeau J. Hogue, insólido, in the amount of $1,000 for pain and suffering, $312 for loss of earnings, $219.05 for medical expenses, or a total of $1,531.05, and all costs, which said costs to include $75 expert witness fee of Dr. Moody.