TATE, Judge
(dissenting in part).
The writer disagrees with the majority insofar as it disallowed any recovery at all to this middle-aged lady, who was shaken up by the accident caused by the negligence of the driver of her vehicle. She is entitled to some recovery from that driver’s insurer, although the amount may be small.
It is true that, in the opinion of the entire court, the plaintiff did not prove the rather serious aggravation of a prior whiplash injury for which she sought recovery. But the accident in which she was involved arose from a sudden crisis, when her car driver jammed on his brakes and skidded into the car in front of him. It was not a bone-damaging sort of collision, but the impact with the preceding car was sufficiently forceful to knock it forward about a car length and to cause the plaintiff to fall off her seat.
The resulting sudden fright and the physical and mental shaking up may be regarded as inconsequential by those who have not been involved in a collision which fortunately did not cause serious injuries, but which might have. However, the writer simply does not agree that in such instances no compensation at all should be allowed for the tortious invasion of the dignity of the person and of the fault-free person’s right to be free of tort-caused mental anguish and knocking about of his body. Disregarding (as did the trier of fact) her own testimony as to much more serious complaints, nevertheless, the plaintiff’s continued complaints of being all shaken up were regarded by the defendant’s medical witness as sufficiently significant to note, five days after the accident, although this physician was really examining the plaintiff in connection with a condition not related to the present accident.
If the plaintiff was entitled to any award whatsoever, it was manifest error to dismiss the suit at the plaintiff’s cost, for the circumstance that an injury is minor addresses itself to the quantum and not to the right of recovery. Langlois v. Continental Insurance Co., 235 La. 153, 103 So.2d 72. (In the cited case, as in the present, the plaintiff had stated he was not “hurt” in the accident, see La.App., 96 So.2d 877, 878—meaning, in the lay use of the term, not hurt seriously. The injuries suffered by the plaintiff therein were, however, more serious than those involved in the present case. See La.App., 107 So.2d 492, on remand.)
The general principle applicable is, as stated at 15 Am.Jur. “Damages” Section 4, p. 389: “ * * * whenever there is a *914 breach of an agreement or the invasion of one’s right, the law infers some damage, and he therefore has his remedy irrespective of the amount or actuality of the damage * *. [See Meyer v. Succession of McClellan, La.App.Orl., 30 So.2d 788, 790, for summary of Louisiana jurisprudence to this effect.] In some cases, of course, the damage resulting •may be inappreciable or merely nominal, and •the maxim, ‘de minimis non curat lex’ may exclude the recovery of even nominal damages * * * where all possible datnage is expressly disproved,” (Italics mine.) “The general rule, however, is that in any violation of one’s rights, whether actual damage is inflicted or not, whether the action sounds iin tort for personal injuries or otherwise, in the absence of proof of actual damage at least nominal damages may be recovered,” Id. at Section 6, p. 393.
As pointed out in Judice v. Southern Pac. Co., 47 La.Ann. 255, 16 So. 816, where three dollars damages was awarded for the technical violation of a contract, “In such cases the amount is inappreciable, and is given to save costs to plaintiff.” 16 So. 817. Again, the Supreme Court held that the award of no damages when a violation of a legal right is proven, is based upon an erroneous theory that the plaintiff has no cause of action. O’Meallie v. Moreau, 116 La. 1020, 41 So. 243. As noted earlier, the circumstance that the injuries sustained are minor, addresses itself to the quantum, not to the right of recovery. Langlois v. Continental Insurance Co., 235 La. 153, 103 So.2d 72.
In the present case, the plaintiff prayed for recovery for “mental anguish”, as well as for pain and suffering. I think that she is entitled to an award for the mental and physical consequences of being shaken up in ;an accident involving a sudden braking and impact, even though fortunately she suffer.ed no more serious injuries, on the basis of awards for somewhat comparable injuries • in the following decisions, among others:
Barnes v. Spikes, La.App. 1 Cir., 148 So.2d 303 ($150); Jenkins v. Brignac, La.App. 1 Cir., 146 So.2d 649 ($150); Patterson v. Hardware Mut. Cas. Co., La.App. 2 Cir., 131 So.2d 147 (syllabus 4, $150) ; Olivier v. Transcontinental Ins. Co., La.App.Orl., 93 So.2d 701 (syllabus 3, $50; syllabus 4, $200); Jackson v. Firemen’s Ins. Co., La.App. 1 Cir., 86 So.2d 220 (syllabus 8, $100).
In the present case, I think that an award of seventy-five to one hundred dollars to the plaintiff-appellant for her personal injuries is justified by the evidence and is in accord with the awards in the cited cases.
I am aware that our brothers of the Fourth Circuit (formerly the Orleans) Court of Appeal have on several occasions disallowed any recovery at all for a mere bump or mere shaking up as a result of a minor accident, on the principle that the principle of “de minimis non curat lex” (the law cares not for small things) is applicable. Nicolle v. Roberts, La.App., 117 So.2d 622; Curry v. Fendt, La.App., 94 So.2d 164; Bryant v. Parr, La.App., 86 So.2d 115. I would prefer, however, to follow the jurisprudence cited earlier in our decision, by reason of which the mental disturbance arising out of an accident caused by a tortfeasor is not regarded as non-recoverable so as to justify the dismissal of a suit at the cost of the innocent party involved in the accident and shaken up through a breach of duty by the tortfeasor.
Similarly, in Reine v. Baton Rouge Coca-Cola Bottling Co., La.App. 1 Cir., 126 So.2d 635, our brothers of the First Circuit refused to follow the “de minimis” decisions of the Fourth Circuit and allowed small recoveries for the revulsion suffered by a plaintiff when discovering foreign matter in a soft drink being consumed. For instance, in that case, a plaintiff was allowed $200 for the revulsion and slight nausea sustained when she discovered a toy metallic jack in the bottle of Coca-Cola she was drinking, as well as $300 for the more serious nausea and vomiting she suffered when several days later she found a roach egg in another bottle.
*915 The fright and physical and mental shaking up sustained by the plaintiff in the present case, in my opinion, are no less com-pensable than was the revulsion and nausea in the cited Reine decision by our brothers of the First Circuit.
For these reasons, I think that the plaintiff should be awarded a small sum for the mental anguish caused her by the tortfeas- or’s negligence, as well as should be relieved of any liability for court costs.
On Application for Rehearing
En Banc. Rehearing denied.
TATE, J., dissents from the refusal to grant a rehearing.